165  411
f167  186

## SWING, TRUSTEE, v. HILL ET AL.

[No. 20,628.   Filed October 27, 1905.]

1. CONSTITUTIONAL LAW.—*Insurance.*—*State Regulation.*—The legislature of a state is powerless to prohibit a citizen from executing a contract of insurance outside of such state on property inside thereof.   p. 412.

2. ABATEMENT AND REVIVAL. — *Insurance.* — *Failure of Foreign Company to Comply with Statutes.*—The fact that a foreign fire insurance company wrote a policy of insurance upon property in this State for the benefit of a citizen thereof is not alone sufficient to abate an action on such policy on account of a violation of our statutes prescribing conditions precedent to such company's right to do business within the State.   p. 413. ٠

3. APPEAL AND ERROR.—*Sustaining Demurrer to Paragraph of Reply.* — *Exception.* — *Pleading Over.*—*Withdrawal.*—Where a demurrer is sustained to a paragraph of reply and a proper exception is reserved, and plaintiff then files a second paragraph under which all facts provable under the first are admissible, but he subsequently withdraws such second paragraph and stands upon the first, the sufficiency of the first is properly presented for review.   p. 413.

4. SAME.—*Briefs.*—*Supreme Court Rules.*—Where appellant's brief states enough of the pleadings to advise the judges of the questions presented, it is sufficient.   p. 414. ·

From Monroe Circuit Court; *James B. Wilson,* Judge.

Action by James B. Swing as trustee for the creditors of the Union Mutual Fire Insurance Company against Nathaniel U. Hill and another.   From a judgment for defendants, plaintiff appeals.   Transferred from Appellate Court under §1337u Burns 1901, Acts 1901, p. 590.   *Reversed.*

*Miers, Corr & Miers* and *P. A. Reece,* for appellant.
*Duncan & Batman,* for appellees.

GILLETT, J.—James B. Swing, as trustee for the creditors of the Union Mutual Fire Insurance Company, of Cincinnati, Ohio, brought this action against appellees to recover on account of a statutory liability alleged to exist against the latter as policy holders in said company.   Ap-

pellees filed a plea in abatement, alleging, in substance, that their contracts of insurance with said company were made in the State of Indiana, and that said company had not complied with the insurance laws of this State. Appellant, by way of reply, admitted that said company had not taken the steps required by statute as a prerequisite to doing business in Indiana, and denied each and every one of its allegations as to all other matters set up in said answer. A demurrer was sustained to this reply, and appellant excepted. He afterwards filed a general denial to said answer, but as he subsequently withdrew the latter reply, and refused to plead further, the court rendered judgment that the action abate.

It is evident that it was the theory of said answer, that as said insurance company had entered into the contracts of insurance with appellees in the State of Indiana 1. without complying with the insurance laws thereof, the action ought to abate, and the question arises whether upon a denial of the allegation that the contracts were made in this State, there appeared upon the record admitted allegations which justified the abating of the action. Although it is competent for the State by legislation to prevent foreign corporations from entering into insurance contracts in this State concerning property therein without complying with the statutes, and while it is also competent for the State to prohibit the agents of such companies from soliciting insurance in this State, yet the legislature is not empowered to enact a statute whereby it prohibits citizens from entering into contracts outside of this State insuring property within its boundaries. *Allgeyer* v. *Louisiana* (1897), 165 U. S. 578, 17 Sup. Ct. 427, 41 L. Ed. 832; *Nutting* v. *Massachusetts* (1902), 183 U. S. 553, 22 Sup. Ct. 238, 46 L. Ed. 324. In *Allgeyer* v. *Louisiana, supra,* the Federal Supreme Court used the following language: "Has not a citizen of a state, under the provisions of the federal Constitution above mentioned, a right to contract outside of the state for insurance on his property—a

right of which state legislation can not deprive him? We are not alluding to acts done within the state by an insurance company or its agents doing business therein, which are in violation of the state statutes. * * * When we speak of the liberty to contract for insurance or to do an act to effectuate such a contract already existing, we refer to and have in mind the facts of this case, where the contract was made outside the state, and as such was a valid and proper contract. The act done within the limits of the state under the circumstances of this case and for the purpose therein mentioned, we hold a proper act, one which the defendants were at liberty to perform, and which the state legislature had no right to prevent, at least with reference to the federal Constitution. To deprive the citizen of such a right as herein described without due process of law is illegal."

It does not appear, as among the admitted facts, either that the contracts of insurance were made in this State or were to be performed here. The only admitted fact 2. concerning the contract was that said company had written insurance upon property in this State for the benefit of a citizen thereof. This did not furnish ground for the abating of the action.

It is urged by appellees' counsel that, inasmuch as proof in denial of appellees' plea in abatement would have been admissible under the general denial which was subse- 3. quently filed, no harmful error was committed by the court in sustaining the demurrer to the first or special paragraph of reply. Had the reply by way of general denial been on file when the demurrer was sustained to the special paragraph, we should have been required to hold that there was no available error, as the ruling would not have restricted the proof. But, as the general denial was not on file at the time the ruling complained of was made, the court, by sustaining the demurrer, was committed to the proposition that the fact that the contract was made outside of this State was not a matter of any importance. Having

duly reserved his exception to said ruling plaintiff was thereafter entitled to withdraw the reply he subsequently filed and stand upon the legal proposition which his first paragraph of reply had presented. The ruling had definitely indicated the position of the court that the place of the making of the contract was an immaterial matter, and after such special ruling was made there was no occasion for taking the judgment of the court on the same question as it would be presented on the facts.

It is further objected by counsel for appellees that appellant has not sufficiently complied with rule twenty-two of this court, in that it is claimed that he has not, in his statement of the pleadings, set out a concise statement of so much of the record as fully presents the error relied upon. While it is true that appellant has only presented an epitome of the plea in abatement and of the special paragraph of reply thereto, yet he has set out enough so that each of the judges can be advised, upon the reading of appellant's principal brief, of the question which is presented for our determination. The objection is not well taken.

Judgment reversed, with a direction to the trial court to overrule the demurrer to appellant's first or special paragraph of reply, and for further proceedings not inconsistent with this opinion.