ATLAS MUTUAL INSURANCE COMPANY, a corporation existing under the laws of the Commonwealth of Massachusetts, by FRANKLIN T. HAMMOND, Receiver, *vs.* THE FISHERIES COMPANY, a corporation existing under the laws of the State of New Jersey.

*Demurrer—Fire Insurance; Contract for, Made out of the State, Property insured being within the State—Insurance Laws of this State not Complied with; Application of—Validity of the Contract—Constitution.*

The insurance laws of Delaware do not affect a contract of insurance made in good faith in a foreign State, and do not apply to such a contract. If they did they would be unconstitutional and inoperative, because they could not deprive a citizen of his right, in good faith, to make a contract of insurance out of the State upon his property, even though it may be situated within the limits of the State.

(<em>April</em> 5, 1907.)

LORE, C. J., and PENNEWILL, J., sitting.

*Caleb E. Burchenal* and *William S. Hilles* for plaintiff.

*Robert Penington* and *William G. Jones* for defendant.

ATLAS MUT. INS. CO. vs. FISHERIES CO. 257

DEMURRER—OPINION.

Superior Court, New Castle County, February Term, 1907.

ACTION OF ASSUMSIT (No. 23, September Term, 1906), to recover assessments paid on certain fire insurance policies held by the defendant.

Demurrer to plea in abatement.

LORE, C. J.:—In the year 1903, the defendant, a corporation of the State of New Jersey, entered into four contracts of insurance with the plaintiff, a corporation of the Commonwealth of Massachusetts. Policy No. 3210 was on the property of the defendant located at Promise Land, Long Island, State of New York, and covered the period from June 8, 1903, until June 8, 1904. Policies Nos. 3383 and 3384 were on two separate properties designated as the James Lennon and Company plant and the Luce Brothers plant, respectively, and owned or controlled by the defendant situate at Lewes, Delaware. The insurance on each of these properties ran from August 3, 1903, until October 3, 1904. Policy No. 3464 was on the dried fish scrap in, and on the premises of the Delaware Fertilizer Company plant, owned or controlled by the defendant, situate at Lewes, Delaware. This insurance ran from September 10, 1903, until September 10, 1904.

At the time of entering into these contracts of insurance, the plaintiff had not complied with the insurance laws of the State of Delaware, and had no agent in this State and had solicited no business in this State. The defendant applied to the plaintiff at its office in Boston, Massachusetts, for the insurance, and it was there that the contracts for insurance were signed and delivered.

In 1904 the plaintiff became embarrassed for funds, and was duly enjoined from further proceeding with its business. On March 11, 1904, Franklin T. Hammond was duly appointed receiver of the company by the Supreme Judicial Court of Massachusetts, a court of full and competent jurisdiction in the premises. February 13, 1905, an assessment was duly made

upon the members of the company for losses sustained, and notice of the defendant's share of said assessment was sent to him about March 1, 1905. The assessments on the above mentioned policies were as follows:

| Policy No. | 3210 | $105.73 |
|---|---|---|
| " | 3383 | 64.16 |
| " | 3384 | 64.16 |
| " | 3464 | 137.46 |

For the recovery of the foregoing assessments this suit was instituted.

The defendant pleads in abatement, that the plaintiff company, being a foreign insurance company, had no right to make, write, place, or cause to be made, written or placed, any policy of fire insurance upon any property, situated or located in the State of Delaware until it had complied with the insurance laws of the State.

The plea sets out such failure to comply with the laws, as follows: in this, that the said policies of insurance mentioned in the declaration, had not been approved in writing by an agent of the said fire insurance company who is a resident of the State of Delaware regularly commissioned and licensed to transact insurance business herein; and in that the said policies of fire insurance had not been countersigned by such agent; and in that the State of Delaware had not received the taxes required by the laws of the said State to be paid on premiums collected for insurance on all property located in the said State of Delaware, as required by Section 11, Chapter 99, Volume 20 of the Laws of Delaware; and also in that the said corporation had not delivered to the Insurance Commissioner of the State of Delaware a certified copy of its charter; and also in that the said corporation had not filed with the Insurance Commissioner of the State of Delaware a certificate of the name and residence of some person or agent within this State upon whom service of process could be made, as required by Section 7 of said Chapter 99.

To this plea in abatement the plaintiff demurs generally.

It is conceded by the defendant that the contracts of insur-

ATLAS MUT. INS. CO. vs. FISHERIES CO.    259

OPINION.

ance in this case were made out of the State of Delaware, in good faith and with no intent to evade the insurance laws of this State.

The defendant insists, however, that the insurance laws of Delaware apply to the contracts because the property insured was situated within the State.

Under this contention, the plea in abatement is bad as to the claim under policy No. 3210 as set out in the first count of the declaration of the plaintiff, because it appears that the con-tract of insurance was made out of the State, and that the insured property was located at Piomise Land, Long Island, State of New York.

The property insured in policies Nos. 3383, 3384, and 3464, designated in counts Nos. 2, 3, and 4, respectively, of the decla-ration of plaintiff, was all located at Lewes in the State of Delaware.

As to the claims under these three last-named policies, the plaintiff contends, that as the contracts of insurance were made and completed in Massachusetts, their validity is to be ascer-tained under the laws of Massachusetts, and not those of the State of Delaware.

It seems to be settled law, that where a foreign contract of insurance which has been made and completed in one State is sued upon in another, the laws of the State where the contract was made, govern, and that the contract will be enforced by comity in the State where the action is instituted.

In *Western Mass. Fire Ins. Co. vs. Hilton,* 42 *Apel. Divi-sion* 52, the plaintiff, a corporation of Massachusetts, insured the property of the defendant which was located in New York. The contract was made at the company's office at Springfield, Massachusetts.

The New York statute provided that "All fire insurance policies issued to residents of this State on property located herein, by companies that have not complied with the require-ments of the general insurance laws of the State shall be void," etc. The plaintiff had not complied with this law.

The Court held that the contract was a Massachusetts contract, that the parties were legally liable there, and that such liability would be enforced in New York.

It further held that to extend the New York law to contracts made out of the State, would be a violation of the Fourteenth Amendment to the Federal Constitution.

*Col· Fire Ins. Co. vs. Kinyon*, 8 *Broom, N. J.*, 33; *Ins. Co. vs. Way*, 62 *New Hampshire* 22; *Swing vs. Hill*, 165 *Ind.* 411; *Swing vs. Brinton*, 87 *Miss.* 516.

The plaintiff further contends, that if the laws of Delaware apply to this case, that so much of the said law as prohibits its citizens from entering into contracts outside of the State insuring property located within the State, is unconstitutional.

In *Allgeyer vs. Louisiana*, 165 *U. S. R.* 576 (1897), this question came before the Court. This was an action under the penal statute of Louisiana passed in 1894. The statute provided, "That any person, firm or corporation who shall fill up, sign or issue in this State, any certificate of insurance under an open marine policy, or who in any manner whatever does any act in this State to effect for himself or for another, insurance on property in this State in any marine insurance company which has not complied in all respects with the laws of this State shall be subject to a fine of $1,000.00 for each offense."

The Atlantic Mutual Insurance Company, a New York corporation, made a contract with Allgeyer and Co. for an open policy of marine insurance to the amount of $200,000, but no risk to be assumed on this policy until notice to the President of the Insurance Company of the amount of the property and the vessel on which shipped, etc., is deposited in the Post Office. The Atlantic Mutual Insurance Company had not complied with the Louisiana insurance laws.

Allgeyer then mailed to the insurance company a notice of the shipment, although the open contract had been entered into in New York at the home office of the company. The State sought to hold Allgeyer for the violation of this statute.

The Court unanimously held that the State could not prevent the defendant under the Constitution from making a contract for insurance outside of the State on property situated within the State.   Judge Peckham, in delivering the opinion of the Court, used this language: "In the privilege of pursuing an ordinary calling or trade and of acquiring, holding and selling property must be embraced the right to make all proper contracts in relation thereto, and although it may be conceded that this right to contract in relation to persons or property or to do business within the jurisdiction of the State may be regulated and sometimes prohibited when the contracts or business conflict with the policy of the State as contained in its statutes, yet the power does not and cannot extend to prohibiting a citizen from making contracts of the nature involved in this case outside of the limits and jurisdiction of the State, and which are also to be performed outside of such jurisdiction; nor can the State legally prohibit its citizens from doing such an act as writing its letter of notification, even though the property which is the subject of the insurance may at the time when such insurance attaches be within the limits of the State.   The mere fact that a citizen may be within the limits of a particular State does not prevent his making a contract outside of its limits while he himself remains within it."

"The Atlantic Mutual Insurance Company * * * had the right to enter into a contract in New York with citizens of Louisiana for the purpose of insuring the property of its citizens even if that property were in the State of Louisiana, and correlatively the citizens of Louisiana had the right without the State of entering into contracts with an insurance company for the same purpose.   Any act of the State Legislature which would prevent the entering into such a contract, or the mailing within the State of Louisiana of such a notification as is mentioned in this case, is an improper and illegal interference with the conduct of the citizen, although  residing in Louisiana, in his right to contract and to carry out the terms of a contract validly entered into outside and beyond the jurisdiction of the State."

This view of the law has been approved by this Court in *Fidelity Mutual Fire Insurance Company, use of Alfred A. Sparks, Receiver, vs. John,A. Lengel*, No. 166, May Term, 1898, New Castle County, which was a suit to recover assessments like the one now before the Court. (Not reported).

There, after careful consideration, the Court held unanimously as follows: "The purpose of the insurance laws of this State respecting fire insurance has been to limit the business to corporations created under the laws of this State and to foreign corporations which have complied with certain express regulations. The objects of the legislation have been for revenue and to protect the citizens of the State from irresponsible and unsupervised insurance companies. *Ins. Co. vs. Storage Co.*, 6 *Pa. Supreme Ct.*, 290. The insurance laws of Delaware do not affect a foreign contract of insurance made in good faith in a foreign State. The right of citizens or residents in Delaware to procure insurance out of the State is not abridged by any law of the State, and if such legislation were attempted it would be unconstitutional. (*Allgeyer vs. La.*, 165 *U. S.*, 579). There may be many reasons why a citizen should procure insurance from companies not authorized to do business in this State. Rates of insurance may be, and sometimes are, excessive. The party seeking insurance because of the location of his property, or the hazardous character of the risks, may not be able to obtain it in one of the companies doing business here. It cannot, we think, be urged with any degree of seriousness that such a citizen may not procure, if he can, insurance from a company not authorized to do business in this State."

This question was before the Court again in the case of *Leonard Kittinger, d. b. a., vs., The Peoples Mutual Live Stock Ins. Co. of Pa., for the use of Frank Stockly, Receiver, p. b. r.*, which was also an action for assessments on policies of insurance, decided January 11, 1902. (Not reported). In this case the Judges individually expressed views somewhat in conflict with the Allgeyer and Lengel cases above cited. The Court rendered no formal opinion setting forth the ground upon which

ATLAS MUT. INS. CO. vs. FISHERIES CO.       263

CHARGE.

its opinion was based.   This case was also distinguished from cases above cited by the fact that it appeared that the plaintiff, a foreign fire insurance company, admitted that the insurance in question was effected largely by an agent who resided in the State of Delaware by and through whom the said company was doing an insurance business in the State without complying with the insurance laws.

We are of the opinion that the weight of authority clearly is, and that the laws of Delaware do not apply to this contract; that even if they did, they are unconstitutional and inoperative so far as they deprive a citizen of his right in good faith, to make a contract of insurance out of the State upon his property even though it may be located within the limits of the State.

The demurrer is therefore sustained.