AMERICAN INDEMNITY Co., demandante y apelante, *v.* RAMÓN ANÍBAL MUÑOZ, demandado y apelado.

Núm. 7151.—*Sometido:* Abril 27, 1937. *Resuelto:* Julio 16, 1937.

12

*Besosa & Besosa,* abogados de la apelante; *Emilio S. Belaval,* abogado del apelado.

EL JUEZ ASOCIADO SEÑOR HUTCHISON emitió la opinión del tribunal.

La American Indemnity Co. apela de una sentencia desestimatoria dictada por la Corte de Distrito de San Juan después de haber declarado con lugar unas excepciones previas basadas en falta de capacidad para demandar y en falta de hechos suficientes para determinar una causa de acción.

La compañía de seguros alegó substancialmente que es una compañía de fianzas de Tejas con oficina principal en Galveston, Tejas, y que no tenía oficinas ni había efectuado negocio alguno de seguros en Puerto Rico; que la demandante había expedido a la Lykes Brothers Steamship Co., Inc., otra corporación no residente en Puerto Rico con ofici-

nas en Galveston, Tejas, una fianza (*schedule bond*) para cubrir e indemnizar en Galveston, Tejas, cualesquiera pérdidas sufridas por la compañía marítima hasta la suma de $25,000 de un cierto número de empleados de ésta que se encontraban ejerciendo sus funciones en distintos territorios; que en diciembre, 1928, Muñoz, un empleado de la compañía de vapores en San Juan, P. R., fué incluído en dicha fianza a virtud de una solicitud que firmó éste haciéndose responsable para con la demandante y obligándose a indemnizar a ésta de cualquier pérdida pagada por la demandante a la compañía marítima, debido a las actuaciones y cumplimiento de los deberes del demandado como agente y empleado de dicha compañía; que posteriormente, mientras estaba en vigor dicha fianza, Muñoz tuvo una diferencia y déficit de dinero en sus cuentas como agente y empleado de la compañía de vapores y que después de éste hacer ciertos abonos quedó un saldo por un total de $4,161.81 cuya cantidad fué reclamada por la compañía marítima a la aquí demandante, de acuerdo con los términos de la fianza; que la demandante pagó a la compañía de vapores la suma de $4,161.81 de acuerdo con los términos de la fianza prestada e incurrió en gastos por la suma de $500 en determinar y ajustar dicha diferencia; que de acuerdo con el contrato celebrado entre la demandante y Muñoz este último se comprometió a reembolsar y hacerse responsable a la demandante por cualquier cantidad hasta la suma de $25,000 que tuviera que pagar la demandante por Muñoz bajo los términos de la fianza, así como también los gastos en que incurriera la demandante en la determinación y ajuste de cualquier pérdida.

La sección 133 de la Ley de Seguros, leyes de 1921, págs. 523, 619, dispone: "Toda compañía de seguros extranjera que, a partir de la fecha de la aprobación de esta Ley, en adelante, deseare hacer negocios de seguros en Puerto Rico deberá registrarse en la oficina del Superintendente de Seguros" y remitirá al Negociado de Seguros ciertos documentos.

La sección 135 lee en part. como sigue:

"La compañía, una vez registrada por el Superintendente, adquirirá personalidad jurídica, y hasta tanto no se hubiere llenado este requisito, dicha compañía no podrá sostener una acción en Puerto Rico, por virtud de contrato alguno celebrado por la misma en el país, o fuera de él, cuando la otra parte contratante fuera un residente de esta Isla; . . ."

Ninguna de las partes contratantes originales en el caso de autos era "un residente de esta Isla." El contrato celebrado por la compañía de seguros y Muñoz era una mera declaración de la ley respecto al derecho de subrogación y reembolso de la compañía de seguros, al pagar la pérdida sufrida por la compañía de vapores por razón de la conducta impropia de Muñoz. Aún si la demandante no hubiese hecho mención alguna de su contrato con Muñoz, la demanda hubiera aducido hechos suficientes para determinar una causa de acción.

La compañía de seguros se colocó en el lugar de la compañía de vapores e irrespectivamente del contrato con Muñoz estaba ejercitando el derecho de la compañía marítima a recobrar de Muñoz la pérdida sufrida por razón de la conducta impropia de éste como agente y empleado de la compañía de vapores. Hasta ese punto ella tiene capacidad legal para demandar, a pesar de su contrato con Muñoz y no obstante las disposiciones de la sección 135. Véanse: *Hartford Fire Ins. Co.* v. *Galveston, etc. Ry. Co.*, 239 S. W. 919; *Phoenix Ins. Co.* v. *Pennsylvania Co.* (Indiana) 20 L.R.A. 405; 25 Corpus Juris 1116, sec. 33; 60 Corpus Juris 700, sec. 7; 32 Corpus Juris 998, sec. 30.

■■ La ley conocida con el nombre de "Ley de Seguros de Puerto Rico" se intitula "Ley proveyendo lo necesario para la incorporación de compañías de seguros del país, para regular el negocio de seguros en Puerto Rico, y para otros fines." El Título IV trata de compañías de seguros extranjeras y más específicamente de compañías de seguros extranjeras que hacen negocios en Puerto Rico o que desean efectuar

negocios en esta Isla. En el primer párrafo del inciso (*m*) de la sección 2 de la ley la frase "compañía dedicada al negocio de seguros en Puerto Rico" se define como "toda compañía que tuviere en esta Isla un agente general, agente solicitador, u otro representante o persona que ejecutare alguno de aquellos actos que en esta sección se enumeran bajo la definición de 'agente.'" El término agente se define en el inciso (*n*) así:

". . . toda persona, razón social, compañía, corporación, asociación o sociedad que, bien en representación de una compañía de seguros que la hubiere nombrado debidamente, o bien de otro modo, solicitare, admitiere, tramitare o transmitiere peticiones de seguros para cualquiera persona natural o jurídica en Puerto Rico, que no fuere ella misma; recibiere para su entrega a los interesados, pólizas, fianzas u otros certificados de garantía, basados en solicitudes de esta isla, o procurare o diligenciare, expidiere o autorizare certificados u otros documentos, con la excepción que se señala aquí, a continuación, y por virtud de los cuales se hiciere, o se ayudare a hacer algún seguro de personas que residieren en Puerto Rico, o de propiedades radicadas en esta Isla, exceptúanse, no obstante, los certificados de salud, reconocimiento, o de otro modo, que un médico, profesional o empleado pudieren expedir a su cliente o principal, para ser utilizados por estos últimos en la obtención de algún seguro legal a su favor, y siempre que dicho médico profesional o empleado no estuviere también al servicio de la compañía que hiciere el seguro, o al de sus agentes en Puerto Rico."

El contrato, cuyo cumplimiento queda prohibido por la sección 135, es aquél celebrado por una compañía de seguros extranjera que haga negocios en Puerto Rico o que trate de hacerlos en esta isla sin haber cumplido primeramente con los requisitos de la ley de seguros. La aquí demandante alegó expresamente que no había hecho negocios de seguros en Puerto Rico. Esa alegación no está necesariamente en conflicto con ninguna otra alegación de la demanda. Al resolver las cuestiones levantadas por la excepción previa tal alegación debe ser considerada como cierta. Una compañía de

seguros extranjera que no haya hecho negocios en Puerto Rico no necesita registrarse como una compañía de seguros extranjera que desea hacer negocios en la isla para que pueda adquirir capacidad legal para demandar en un contrato como el que se describe en la demanda. El contrato en sí, por supuesto, no está ante nos. No deseamos dar la impresión de que estamos anticipando cualquier cuestión que pueda surgir cuando éste sea ofrecido como prueba.

En vista de las conclusiones a que hemos llegado es innecesario que resolvamos ahora la constitucionalidad de la disposición contenida en la sección 135 respecto a contratos celebrados fuera de Puerto Rico. Es posible que la constitucionalidad de esa disposición, según la hemos interpretado, no esté enteramente libre de dudas. Si no se interpreta de la manera en que lo hemos hecho, la constitucionalidad de ella sería, para decir lo menos, dudosa en extremo. Véanse *British-American Portland Cement Co.* v. *Citizens' Gas Co.,* 164 S.W. 468, Ann. Cas. 1915C 151, 165; *International Text Book Co.* v. *Pigg,* 217 U.S. 91; Annotated Cases 1914A 702, 706, 709; *Allgeyer* v. *Louisiana,* 165 U. S. 578; *Mass. Bonding & Ins. Co.* v. *Home Life & Acc. Co.,* 178 S. W. 314; *Willis* v. *Willis,* 75 N.E. 658; *David Lupton's Sons* v. *Auto Club of America,* 225 U. S. 489; Ann. Cases 1914A 699; 32 A.L.R. 636; 92 A.L.R. 932, 934; 1 A.L.R. 1665; *Kansas City Life Ins. Co.* v. *Elmore,* 226 S.W. 709; *Graysonia Ry. Co.* v. *Newberger Cotton Co.,* 282 S.W. 975; *Bothwell* v. *Buckbee, Mears Co.,* 275 U. S. 274; 32 C. J. 997.

*La sentencia apelada debe ser revocada y el caso devuelto para ulteriores procedimientos no inconsistentes con esta opinión.*

El Juez Asociado Señor Córdova Dávila no intervino.