## FIGART v. HALDERMAN ET AL.

SUPREME COURT.—*Defective Record.*—*Certiorari.*—*Practice.*—Where, after a cause has been submitted to the Supreme Court, on appeal, the transcript is found to be defective, the party desiring an amendment of the

same should suggest the defect to the court, move for a writ of *certiorari* to the clerk of the court below, give notice thereof to the opposite party, obtain such writ, and require such clerk to certify up a full, true and complete transcript.

PLEADING.—*Foreclosure of Mortgage.*—*Reformation of Same.*—A complaint to reform and foreclose a mortgage which is not made part thereof is insufficient on demurrer.

From the Wabash Circuit Court.

*M. H. Kidd, F. M. Eagle* and *A. C. Downey,* for appellant.

*J. D. Conner,* for appellees.

BIDDLE, C. J.—Complaint to reform and foreclose a mortgage.

The transcript was filed in this court on the 14th day of June, 1876, and, as then filed, did not contain a copy of the mortgage referred to as an exhibit in the complaint. The cause was submitted to this court on the 29th day of November, 1876. The appellant, on the 22d day of January, 1877, filed his brief; and, on the 7th day of March, 1877, by leave, filed an additional brief. On the 6th day of October, 1877, the appellees filed their brief. On the 15th day of December, 1877, the appellees filed an affidavit in this court suggesting diminution of record, for want of the transcript of the mortgage.

We find appended to the transcript the certificate of the clerk of the Wabash Circuit Court, dated the 4th day of October, 1877, that "the copy of the mortgage that was filed with the complaint and amended complaint as an exhibit, on the 16th day of April, 1875, was, by mistake and inadvertence, omitted in said record; and said copy of said mortgage, which was made an exhibit with said complaint and amended complaint, is now copied and made a part of said record, and appears in said record at page three, line thirty." A copy of the mortgage is now found in the record according to the reference made.

It does not appear in the case, that any motion for

a writ of *certiorari* was made, or any notice given to the opposite party, or any writ of *certiorari* issued, or any return from the clerk of the Wabash Circuit Court made to this court; nor does it appear that the appellant, in any way, had any notice or knowledge of the amendment of the transcript by so inserting a copy of the mortgage therein.

The appellant filed a demurrer below to the complaint, for want of sufficient facts to constitute a cause of action. The demurrer was overruled, and exceptions reserved, and the ruling assigned as error in this court.

In his brief, the appellant urges the want of the mortgage as an exhibit in the transcript, as ground upon which to sustain the error and reverse the judgment. At the time the brief was filed, the transcript did not contain the mortgage, and without the mortgage in the transcript, as an exhibit filed with the complaint, the error must be held as well assigned. It therefore becomes an important question to decide, whether the copy of the mortgage, as an exhibit filed with the complaint, is properly in the transcript or not.

The proper practice is, after the submission of the cause to this court, if the transcript is found to be imperfect, to suggest the diminution by affidavit, move for a writ of *certiorari* to the clerk of the circuit court, give notice of the motion to the opposite party, obtain the writ, and require the clerk to certify up a full, true and complete transcript of the proceedings below; and we do not think we can safely depart from these well-settled rules. Without these various steps, after the cause has been submitted here, a party might, even after briefs were filed, so have the transcript amended as to change the merits of the controversy, without the knowledge of his opponent So loose a practice as this would be unsafe to the security of human rights, and can not be approved. We are, therefore, constrained to hold, without the liberty of any further examining the merits of the

case, that the copy of the mortgage, as an exhibit filed with the complaint, is not before us for our consideration, and that the complaint, for that reason, is insufficient.

The judgment is reversed, at the costs of the appellees, and the cause remanded for further proceedings.