Sumner *v.* Goings.

No. 7336.

## SUMNER *v.* GOINGS.

PRACTICE.—*Supreme Court.*—*Transcript, How Corrected.*—A transcript in the Supreme Court, if defective, can only be corrected by a *certiorari.*

SAME.—*Appeal.*—*Record.*—*Complaint.*—*Answer.*—Unless the record on appeal contains a copy of the complaint, the Supreme Court can not determine the sufficiency of an answer thereto.

From the Jasper Circuit Court.

*W. C. Wilson, J. H. Adams, C. H. Test, J. Coburn, S. P. Thompson* and *T. Thompson,* for appellant.

*J. N. Templar, R. Gregory, D. E. Straight* and *U. Z. Wiley,* for appellee.

WOODS, J.—The appellee sued the appellant on a complaint in one paragraph, to which a second paragraph was afterward added. The appellant's demurrer was sustained to the first paragraph and overruled as to the second, to which he filed an answer in twelve paragraphs, to the tenth, eleventh and twelfth of which the demurrer of the appellee was sustained. To so many of these rulings as were adverse to him, and to the giving and refusing of certain instructions, the appellant saved exceptions, and has assigned errors which bring them under review. The second paragraph of the complaint is not in the record. The appellant, after filing his transcript, presented what he claimed to be a certified copy of the omitted paragraph, and moved to have it treated as a part of the record, but the motion was overruled on May 7th, 1879, on the ground that a "transcript can be corrected only by a *certiorari;*" and no step has been since taken for the purpose of supplying the omission.

In this condition of the record, it is impossible for us to know what kind of a case was tried; whether the complaint was good or bad, or whether the instructions given and refused were relevant and proper or the contrary. It must be equally clear that we can not determine the sufficiency of the

answer without knowing the contents of the complaint to which it was addressed. These particular answers set up the six and the twenty year statute of limitations, but there may be causes of action so presented as that no limitation will apply ; as, for instance, in certain cases for the enforcement of trusts. See *Heizer* v. *Kelly*, 73 Ind. 582 ; *Albert* v. *The State, ex rel.*, 65 Ind. 413 ; *Earle* v. *Peterson*, 67 Ind. 503 ; *Potter* v. *Smith*, 36 Ind. 231.

Judgment affirmed, with costs.