Lake Erie and Western Railroad Company v. Bates.

LAKE ERIE AND WESTERN RAILROAD COMPANY
v. BATES.

[No. 2,168.   Filed April 8, 1897.]

APPEAL AND ERROR.—*Exception.*—Where no exception was taken to the action of the court in sustaining a demurrer to a paragraph of answer no question is presented to this court on such ruling.   *p. 387.*

SAME.—*Sufficiency of Notice to Correct Record in Court Below.*—No question can be raised in this court as to the sufficiency of notice of a motion to correct the record in the court below or the legality of any of the proceedings therein where no objection was made or exceptions taken to such proceedings.   *pp. 387, 388.*

SAME.—*Certiorari.*—A corrected record of the trial court is properly brought to the Appellate Court by writ of *certiorari.*   *p. 388.*

From the Howard Circuit Court.   *Affirmed.*

*J. B. Cockrum, W. E. Hackedorn, George Shirts* and *I. A. Kilbourne,* for appellant.

*A. J. Behymer, Fippen & Purvis* and *Moon & Wolf,* for appellee.

HENLEY, J.—This action was brought by the appellee against the appellant to recover alleged damages for being wrongfully ejected from one of appellant's trains.   A demurrer to the complaint was overruled to which appellant excepted, and thereupon filed an answer in four paragraphs.   To the second and third paragraphs of answer, a demurrer was sustained.   Appellee replied.   The cause was submitted to a jury.   A special verdict was returned, and upon motion therefor, judgment was rendered thereon in favor of the appellee.

The errors assigned are (1) overruling of the demurrer to the complaint; (2) sustaining the demurrer to the second paragraph of answer; (3) sustaining the

demurrer to the third paragraph of the answer; (4) overruling appellant's motion for judgment on the verdict; and (5) sustaining appellee's motion for judgment on the verdict.

But two alleged errors are discussed by appellant's counsel in their brief. These are the sustaining of the demurrer to the second and third paragraphs of the appellant's answer.

Counsel for appellee contend that the record shows that no exception was taken to the action of the lower court in sustaining appellee's demurrer to either the second or third paragraphs of appellant's answer.

If this be true, we cannot consider the argument of counsel regarding the sufficiency of these answers. *Bond* v. *Halloway* (Ind. App.), 46 N. E. 358; *Fleming* v. *McClaflin*, 1 Ind. App. 537; section 640, Burns' R. S. 1894.

In the record in this case as first filed in this court, is the following entry: "And the court being well advised of the demurrer to the second, third and fourth paragraphs of answer, sustains the same as to the second and third paragraphs, to which ruling defendant excepts."

Afterwards and during the pendency of this appeal, appellee filed the following motion to correct the record in the court below: "State of Indiana, Howard county, Circuit Court, October term, 1896. Abraham L. Bates *v.* the Lake Erie & Western Railroad Company.

"The plaintiff respectively shows to the court that on March 27, 1896, in this case the court sustained a demurrer filed by the plaintiff to the second and third paragraphs of the defendant's answer. That said ruling was made with the consent of the defendant in open court at the time, and no exception was taken thereto. That no exception to such ruling was entered

upon the minutes of the court or upon any docket kept by the court or clerk, but the clerk of this court has erroneously and without right entered upon the order-book entry of the said proceedings of the court a statement 'to which ruling defendant excepts.' And the plaintiff now moves the court to correct said entry by the clerk *nunc pro tunc* so as to conform to the minutes of the court. A. J. Behymer, Fippen & Purvis, Moon & Wolf, attorneys for plaintiff."

Notice was given appellant of such motion and appellant appeared. A hearing was had and the lower court entered judgment correcting the record as prayed for in said motion. It appears, also, that the appellant took no exception nor in any way objected to the proceeding to correct the record, although appearing by counsel.

No question is thus raised as to the sufficiency of the notice or the legality of any of the proceedings to correct the record.

Appellee then applied to this court and obtained a writ of *certiorari* and brought the corrected trial court record to this court.

We think the proper steps were taken to correct the record and to bring it to the Appellate Court.

Elliott's App. Proced., section 207, says: "Where a trial court record is corrected or amended upon an application there filed, the amendment or correction becomes part of the original record in legal contemplation, and the party desiring its presentation on appeal should apply for an order to have it certified to the appellate tribunal. The application to the trial court to amend or correct the record when made pending an appeal is not, as a general rule, to be considered as an independent proceeding, but it is to be deemed such an incident of the original case as to con-

stitute an integral part of it. Theoretically, at least, there is only the one case and one appeal. If the application to amend is denied by the trial court, or if wrongly granted, the rulings and papers should be brought to the higher court as part of the original appeal." See, also, *Jelley* v. *Gaff*, 56 Ind. 331.

The record as corrected shows that no exception to the ruling upon the demurrer directed to the second and third paragraphs of appellant's answer was taken by appellant.

This court cannot, therefore, consider the correctness of the ruling of the lower court as questioned by the second and third specifications of the assignment of errors.

The other errors assigned not being argued are deemed to have been waived.

Judgment affirmed.