## THE STATE v. METSKER.

[No. 21,091. Filed January 7, 1908.]

1. INDICTMENT AND INFORMATION.—*Presenting False Claim Against County.*—An indictment for presenting a false claim against a county, which alleges only by a conclusion that the claim presented was too high for the work done, is not sufficient. p. 556.

2. SAME.—*Presumptions.*—In construing an indictment, no presumptions will be indulged against the accused. p. 559.

3. SAME.—*Certainty.*—The particular crime with which a defendant is charged must be set forth with reasonable certainty and by express averments. p. 559.

4. SAME.—*Description.*—*Conclusions.*—An indictment should set forth a specific description of the offense; and mere conclusions are not sufficient. p. 559.

5. SAME.—*Statutes.*—*General Terms.*—Where a crime is defined in general terms by the statute, the indictment must allege the particular acts constituting the offense, charging in the general language of the statute being insufficient. p. 559.

From Marshall Circuit Court; *Harry Bernetha,* Judge.

Prosecution by the State of Indiana against Clay W. Metsker. From a judgment for defendant, the State appeals. *Affirmed.*

*James Bingham,* Attorney-General; *A. G. Cavins, E. M. White, H. M. Dowling* and *S. N. Stevens,* for the State.

*Charles Kellison,* for appellee.

JORDAN, J.—Appellee was indicted in the lower court for having violated §675 of the public offenses act of 1905 (Acts 1905, pp. 584, 750, §2586 Burns 1908), by presenting a false and fraudulent claim and bill to the board of commissioners of Marshall county, Indiana. The indictment is in two counts, each of which, on motion of appellee, was quashed, and judgment was rendered discharging him. From this judgment the State appeals, and predicates error on the ruling of the court in quashing each of said counts.

The first count of the indictment charges "that Clay W. Metsker, on January 4, 1906, at said county of Marshall, in

the State of Indiana, did then and there knowingly, 1. unlawfully and feloniously make out and present to the board of commissioners of Marshall county, Indiana, ·for payment, a certain false and fraudulent claim against said county for $54, which claim is in the following words and figures, to wit:

'Marshall county, Indiana, to Clay W. Metsker, Dr. January 4, 1906.　To rate sheet, 3 wks. in Democrat, January 4-11-18, 1906.　$54.　O.K.

Jones Grant, county treasurer.

State of Indiana, Marshall County, SS:

I, Clay W. Metsker, solemnly swear that the foregoing bill is just and true, so help me God.

Clay W. Metsker.

Subscribed and sworn to this —— day of ——, 19—.

auditor.

By ——————— deputy.'

That the services rendered, for which said bill was presented for payment, were for publishing in the Plymouth Democrat, a weekly newspaper published in said county by said Clay W. Metsker the rate of taxation for the year 1905 for said county; that said claim is false and fraudulent in this, to wit, it is for too great an amount, being for the sum of $54, when the true and legal rate for the work performed, for which said claim was presented for payment as aforesaid, was and is only $40; that the rate for the work performed, for which said claim was presented, is fixed by the laws of the State of Indiana, and was so fixed at the time said claim was presented, and all of which was well known to said Clay W. Metsker at the time he presented said false and fraudulent claim for allowance and payment; that said Clay W. Metsker knowingly and feloniously presented said claim for allowance and payment as a correct claim, then and there knowing the same to be false and fraudulent as aforesaid, and then and there presented said claim to said board of commissioners for the purpose of procuring the al-

lowance of said claim in the sum of $54, by said board of commissioners and a warrant on the treasurer of said county for the payment thereof, out of the funds of said county; that said Clay W. Metsker well knew at the time that said claim was presented as aforesaid that the same was for the sum of $14 in excess of the sum allowed by law and the legal rate therefor.''

Section 2586, *supra,* is but a reënactment of §2353 Burns 1901, §2205 R. S. 1881, passed by the legislature in 1881. The particular part of the section upon which this prosecution is based is as follows: ''Whoever, knowing the same to be false or fraudulent, makes out or presents for payment or certifies as correct to the   *   *   *   board of commissioners   *   *   *   any claim, bill, note, bond, account,   *   *   * or other evidence of indebtedness, false or fraudulent, for the purpose of procuring the allowance of the same or an order for the payment thereof, out of the treasury of said *   *   *   county,   *   *   *   shall, on conviction, be imprisoned in the state prison not less than two years nor more than fourteen years and fined not less than $10 nor more than $1,000.'' It will be observed that the alleged false and fraudulent claim, as set out in the indictment, purports upon its face to be a claim for $54 against Marshall county in favor of appellee, and is for the publication for three weeks in 1906 of the rate sheet in the Plymouth Democrat, the particular dates of publication being stated. The claim appears to have been approved by the treasurer of Marshall county. It is charged that the work performed by appellee for which the claim was presented for payment was for publishing in a weekly newspaper in Marshall county the rate of taxation for the year 1905. The claim is alleged to be false and fraudulent, for the reason that is too high, being $14 in excess of what, as averred, was the true and legal rate for the work performed, or, in other words, the charge is made that the claim should have been presented for $40 only. There is an entire absence of any averment to show that ap-

pellee did not render the service as is stated or appears upon the face of the bill. The pleader, in framing the indictment, seems to have employed a number of recitals and conclusions instead of direct or positive averment of facts, as required by the rules pertaining to criminal pleading. There is no averment going to show that the excess of $14 in the bill as presented was by reason of the fact that appellee had knowingly presented the bill for more work than he actually performed in printing the rate sheet, or that the matter printed was not in quantity or amount equal to that for which he had charged. No such facts are disclosed by any averments in the indictment. We are advised by the mere conclusion of the pleader that the true and legal rate for the work which he performed "was and is only $40." There is no charge that he did not actually perform all the work in printing the rate sheet for which he presented his said claim, but the theory of the pleading is that the claim is false and fraudulent, for the sole reason that it is $14 in excess of $40, the amount which the pleader asserts was the legal rate for publishing the rate sheet. The bill, as made out and presented, shows that there were three insertions of the rate sheet in appellee's paper, and aside from the conclusion of the pleader there are no averments to disclose that $54 was not the correct price for the printing done by appellee. There is nothing to show the number of squares taken up by the rate sheet in each of its insertions in his paper. Section 8087 Burns 1901, §6011 R. S. 1881, provides that the compensation for printing or publishing the notices, etc., therein contemplated is as follows: "For each advertisement, per square of 250 ems each, first insertion, $1. For each additional insertion, fifty cents." This section further provides that "when such printing is done for the county, the board of county commissioners shall allow the same, and pay it out of the county treasury, according to the rate herein fixed." While the claim as set out in the indictment exhibits that there were three publications of the

rate sheet, still there are absolutely no facts alleged to show the number of squares or quantity of the matter printed in each of the publications. In the absence of any express or positive averments of facts to the contrary, it may be assumed that the matter printed, when measured by the compensation fixed by the statute, was the amount of the claim as presented by appellee. Courts, in considering the

2. sufficiency of criminal pleadings, are not permitted to indulge in presumptions against the accused person. The particular crime with which the defendant is charged must be shown with such reasonable certainty by express averments as will enable the court and jury distinctly

3. to understand what is to be tried and determined, and fully to inform the defendant of the particular charge which he is required to meet. The averments must be so clear and distinct that there may be no difficulty in determining what evidence is admissible thereunder. *Funk* v. *State* (1898), 149 Ind. 338, and cases cited; *State* v. *Feagans* (1897), 148 Ind. 621; *Johnson* v. *State* (1881), 75 Ind. 553.

An indictment is required to state a specific description of the offense. It is not sufficient to state mere

4. conclusions of law. *Johns* v. *State* (1902), 159 Ind. 413, 59 L. R. A. 789, and authorities cited.

The statute upon which this prosecution is based defines the offense in generic terms, hence, in a prosecution thereon, it will not suffice to charge the crime in the mere

5. language of the statute, but the pleader will be required to resort to particulars. *Johns* v. *State,* *supra.*

Counsel for appellant cite *Ferris* v. *State* (1901), 156 Ind. 224, and argue that under the decision in that appeal it must be held that the gist of the first count of the indictment herein is that appellee undertook to defraud Marshall county by wrongfully procuring money from its treasury for more services than had been rendered. This insistence,

however, is not sustained under the facts therein alleged. It is true that *Ferris* v. *State, supra,* was a prosecution under the statute from which the one here involved is copied, but the indictment therein, however, under the facts averred, was quite different from the one in this case. It, among other things, charged that the defendant "feloniously, designedly and with the intent to cheat and defraud Shelby county," made out and presented, etc. In respect to material averments in a prosecution under the statute in question, see form given in Gillett, Crim. Law (2d ed.), §300. Counsel for appellant, in support of their contention that the indictment is sufficient, refer to *United States* v. *Shapleigh* (1893), 54 Fed. 126, 4 C. C. A. 237. That case was a prosecution to recover certain penalties against the defendant in error for presenting for payment certain alleged false, fictitious and fraudulent claims against the government of the United States, in violation of a federal statute of similar import to that upon which this prosecution is predicated. In the latter appeal a charge of the lower court was sustained, which defined a false claim, within the meaning of the federal statute in question, to be one presented for more work performed or supplies claimed to have been furnished to the government than had been actually performed or furnished. It was further affirmed that a fictitious claim was one where the claim was made out and presented for services or supplies claimed to have been rendered or furnished, none of which had been actually rendered or furnished to the government. Under the facts, as charged in the indictment herein, the latter case lends no support to the contention of counsel for the State in respect to the sufficiency of the indictment. For the reasons given, and possibly for others, the first count of the indictment is clearly bad. The second count is open to the same objections which condemn the first. The court, therefore, did not err in sustaining the motion to quash.

Judgment affirmed.