## HEWITT v. THE STATE OF INDIANA.

[No. 21,238.   Filed November 24, 1908.]

1. APPEAL.—*Constitutional Law.—Evasion of Decision On.*—The Supreme Court will not decide a question of constitutional law unless absolutely necessary to a decision of the case on appeal. p. 286.

2. MINES.—*Coal.—Statutes.—Wash-Houses for Laborers.—Intent.* —The purpose of §8623 Burns 1908, Acts 1907, p. 193, §1, is to compel the person in charge of a coal mine—whatever may be his office or relation to such mine—to maintain a wash-house for the employes.   p. 286.

3. INDICTMENT AND INFORMATION.—*Mines.—Failure to Provide Wash-House.*—An affidavit charging that defendant, "being

* * * superintendent of Lost Creek mine" failed to provide a wash-house for the miners, is bad, there being. no allegation that defendant was in charge of such mine, the word "superintendent" being insufficient for such purpose: p. 286.

4. INDICTMENT AND INFORMATION.—*Supply of Allegation by Inference.*—Material allegations in an indictment cannot be supplied by inference or intendment. p. 287.

5. SAME. — *Allegations.* — *Recitals.*—*Conclusions.*—Every material element of a crime must be directly alleged, and no allegation should be introduced by an argument, conclusion, or recital. p. 287.

6. SAME.—*Recitals.*—An affidavit charging that defendant "being" superintendent of a coal mine, and "being" requested in writing by more than twenty employes to provide a wash-house, failed to do so, is bad, direct allegations being required. p. 287.

From Vigo Circuit Court; *James E. Piety*, Judge.

Prosecution by The State of Indiana against John Hewitt. From a judgment of conviction, defendant appeals. *Reversed.*

*McNutt, McNutt & Wallace* and *Barrett & Barrett*, for appellant.

*James Bingham*, Attorney-General, *Oscar E. Bland, Henry W. Moore, A. G. Cavins, E. M. White* and *W. H. Thompson*, for the State.

MONTGOMERY, J.—Appellant was convicted of violating section one of the act of 1907, in relation to employes in coal mines (Acts 1907, p. 193, §8623 Burns 1908), which section reads as follows: ''That for the protection of the health of the employes hereinafter mentioned it shall be the duty of the owner, operator, lessee, superintendent of, or other person in charge of every coal mine or colliery, or. other place where laborers employed are surrounded by or affected by similar conditions as employes in coal mines, at the request in writing of twenty or more employes of such mine or place, or in event there are less than twenty men employed, then upon the written request of one-third of the number of employes employed, to provide a suitable wash-

room or wash-house for the use of persons employed, so that they may change their clothing before beginning .work, and wash themselves, and change their clothing after working. That said building or room shall be a separate building or room from the engine- or boiler-room, and shall be maintained in good order, be properly lighted and heated, and be supplied with clean cold and warm water, and shall be provided with all necessary facilities for persons to wash, and also provided with suitable lockers for the safe-keeping of clothing: Provided, however, that the owner, operator, lessee, superintendent of or other person in charge of such mine or place as aforesaid shall not be required to furnish soap or towels.''

Section two (§8624 Burns 1908) prescribed penalties for neglect or failure to comply with the provisions of the act, and for other offenses.

The body of the affidavit upon which appellant was tried and convicted reads as follows: ''Harry Moore swears that John Hewitt, late of said county, on or about the 7th day of May, A. D. 1907, at said county and State aforesaid, he, said John Hewitt, being then and there and from said day continuously up to the time of filing this affidavit, and being now superintendent of Lost Creek mine, a coal mine where persons were then and there, and have been continuously since said date, and are now, employed, situate in said county and State aforesaid, and he, said John Hewitt, as said superintendent, being then and there requested in writing by more than twenty of the employes of said Lost Creek coal mine to provide suitable wash-room or wash-house for the use of persons there employed at said Lost Creek mine, in compliance with the laws of the State of Indiana, did then and there and has ever since, and does now unlawfully, neglect, fail and refuse to provide such suitable wash-room or wash-house for the use of persons there employed at said Lost Creek coal mine, and did then and there, and has ever

since and does now unlawfully neglect, fail and refuse to provide such suitable wash-room or wash-house, contrary to the form of the statute in such cases made and provided and against the peace and dignity of the State of Indiana.

Harry Moore."

The sufficiency of this affidavit was challenged by motions to quash and in arrest of judgment in the trial court, and the overruling of these motions has been assigned as error upon appeal.

The decision of the learned trial judge appears to have been based upon the validity of the act, rather than the form and substance of the charge. Counsel have ably

1. discussed the constitutional question involved, but it is a familiar principle that courts will not pass upon constitutional questions unless necessarily required to do so in disposing of the particular case. This affidavit is so defective upon its face as to necessitate a reversal of the cause, without a consideration of the validity of the statute upon which it is based.

The statute imposes upon the owner, operator, lessee, superintendent, or other person in charge of any mine or colliery, upon request of a certain number of employes, the duty of providing a wash-room or wash-house for said employes.

It is clear that this act is directed against the person in charge of any mine, whatever may be the title of his office

2. or other relation to or interest in the business. Appellant is in no manner alleged to have been in charge of the coal mine in question at the time request was made for wash-room accommodations, except as that fact may be implied from the title of his office. The title

3. of an officer or employe will not ordinarily determine with accuracy his powers and duties, and it may frequently happen that the owner or lessee of property is out of possession. In our view of this statute it is material to show that the accused was in charge of the mine at the time

the alleged offense was committed, and no material averment in criminal pleading can be supplied by inference or intendment. Having elected to designate appellant's title, the allegation should have been that appellant was then and there the superintendent and in charge of Lost Creek mine, etc. The absence of a proper averment showing appellant's charge of the mine is fatal to the sufficiency of the affidavit. Gillett, Crim. Law (2d ed.), §719.

It is a familiar principle of pleading that in indictments and informations every fact necessary to constitute the crime charged must be directly and positively alleged, and no material matter should be introduced wholly by way of argument, conclusion or recital. 22 Cyc., 171 *et seq.* and cases cited; *Terre Haute Brewing Co.* v. *State* (1907), 169 Ind. 242; *State* v. *Metsker* (1908), 169 Ind. 555.

The affidavit in this case must be quashed upon the ground stated, but we deem it proper to express our disapproval in other respects. It will be noted that the greater portion of the allegations of the affidavit are made by the use of the participle "being," instead of using the affirmative and declarative form of the verb. This form of expression is allowable in setting out matter of inducement in charging a criminal offense, but when used in alleging issuable facts, if tolerated at all, has been invariably criticised and disapproved. *State* v. *Trueblood* (1900), 25 Ind. App. 437; *People* v. *Piggott* (1899), 126 Cal. 509, 59 Pac. 31; *Shanks* v. *State* (1875), 51 Miss. 464. See, also, *State* v. *Dunning* (1891), 83 Me. 178, 22 Atl. 109; *State* v. *Manley* (1891), 107 Mo. 364, 17 S. W. 800; *State* v. *Bloor* (1898), 20 Mont. 574, 52 Pac. 611.

If we concede that it was proper to charge in the affidavit, as was done, that appellant "being" then and there superintendent, etc., as in the nature of inducement to bring him within the class upon whom the prescribed duty was imposed, yet we think the expression "being requested," etc., was a mere recital, and not sufficient. The fact should have

been directly and affirmatively charged that twenty of such employes in writing requested appellant to provide a wash-room for the use of persons employed in said mine. Good pleading would require the allegations of the affidavit to be in direct terms, and the charge to be, in substance, that, at the time and place named, Lost Creek mine was a coal mine then and there situate, in which persons were then, and continuously since have been, and now are, employed, and that appellant herein was then and there superintendent and in charge of said mine; that twenty of the employes of said mine, then and there, in writing, requested said Hewitt, while superintendent and in charge of said mine, to provide a wash-room or wash-house for the use of persons employed in said mine; that said Hewitt, being superintendent and in charge of said mine as aforesaid, and having been requested as aforesaid, did then and there unlawfully neglect, fail and refuse to provide a suitable wash-room or wash-house, or any wash-room or wash-house whatever, for the use of persons employed in said mine, and that ever since said date up to the present time he has unlawfully refused, neglected and wholly failed to provide any wash-room or wash-house for the use of persons employed in said mine, contrary to the form of the statute, etc.

For the reasons indicated, the affidavit should have been quashed.

The judgment is reversed, with directions to sustain appellant's motion to quash the affidavit.