## BERKEY, GUARDIAN, *v.* RENSBERGER ET AL.

[No. 7,118. Filed October 13, 1911. Rehearing denied January 12, 1912.]

1. APPEAL.—*Transcript.—Index.—Evidence.*—A transcript having an index on its first page, referring to all pleadings, exhibits and other papers in the record, and a reference to the index of the evidence, which index is at the beginning of such evidence, is sufficient. p. 227.

2. APPEAL.—*Briefs.—Rules.*—A brief showing a good-faith attempt to comply with the rules of the court, is sufficient. p. 228.

3. APPEAL.—*Bills of Exceptions.—When Part of Record.*—Where the original transcript showed that on the overruling of the motion for a new trial time was given within which to file a bill of exceptions and that the bill was filed within such time, and a supplemental transcript showed that such time was not so given, but such supplemental transcript showed a *nunc pro tunc* entry granting such time, such bill is in the record. p. 228.

4. APPEAL.—*Transcript.—Correction by nunc pro tunc Entry.— How Questioned.—Presumptions.*—In the absence of a bill of exceptions containing the evidence on the hearing of a motion for a *nunc pro tunc* entry, the Appellate Court will indulge the presumption that it was based upon competent evidence for that purpose. p. 229.

5. APPEAL.—*Transcript.—Supplemental.—Certiorari.*—A transcript on appeal cannot be shown to be incorrect by the filing of a "supplemental" record, the proper method being by a writ of *certiorari.* p. 229.

6. APPEAL.—*Assignments of Errors.—"Decision Contrary to Law." —Questions Presentable Under.*—Under an assignment that the "decision is contrary to law" questions on the failure of the court to find certain facts, cannot be presented, such assignment presenting such errors occurring at the trial as are carried into the verdict. p. 230.

7. TRIAL.—*Special Findings.—Omissions.*—The omission of a fact from the special findings constitutes a finding against the party having the burden of proving such fact. p. 230.

8. BILLS AND NOTES.—*Insanity of Maker.—Decree of Insanity.— Evidence.*—A decree of insanity entered against the maker of a note, subsequent to the execution of such note, is not admissible when offered as the first evidence in behalf of such maker, and as a separate, independent item of evidence. p. 230.

9. APPEAL. — *Weighing Evidence. — Presumptions. — Injunction.— Statutes.*—Under §698 Burns 1908, Acts 1903 p. 338, §8, providing that "in all cases not now or hereafter triable by a jury, the

Supreme and Appellate Courts shall, if required, * * * weigh the evidence," the Appellate Court may weigh the evidence in a suit to restrain defendants from transferring a note, the presumption being that the decision of the trial court is correct. p. 231.

10. BILLS AND NOTES.—*Consideration.—Fraud.—Innocent Purchasers.—Special Findings.*—Where defenses of failure of consideration, the insanity of the maker, fraud, duress, undue influence and innocent purchaser, are negatived by the special findings, conclusions of law that the note in question was valid are correct. p. 233.

From Elkhart Circuit Court; *James S. Dodge,* Judge.

Suit by Valentine Berkey, as guardian of Fannie Rensberger, an insane person, against Jonas Rensberger and others. From a judgment for defendants, plaintiff appeals. *Affirmed.*

*E. A. Dausman,* for appellant.

*Charles W. Miller, James S. Drake, Schuyler C. Hubbell, George R. Harper, William H. Charnley* and *Lloyd L. Burris,* for appellees.

HOTTEL, J.—This was a suit by appellant, as guardian of Fannie Rensberger, against appellees Jonas Rensberger, Lizzie Rensberger and Mitchell Charnley, to restrain them from negotiating a promissory note executed by said ward; and to cancel said note. There was a trial by the court, special finding of facts and conclusion of law, with judgment in favor of appellees for costs.

The errors assigned are that the court erred (1) in overruling appellant's motion for new trial, and (2) in its conclusions of law on the special findings.

It is first insisted by appellees that this appeal should be dismissed because of a failure by appellant to comply with that part of rule three of this court which requires an "index referring to the initial page of the direct, cross and reëxamination of each witness, and of each pleading, exhibit and other paper in the record, such index

to form the first page of the transcript." This insistence is without merit, because there is on the first page of the transcript in this case a complete index of all pleadings, record entries, etc., and a reference by page to the index of the evidence, which is found at the beginning thereof. This is a substantial compliance with the rule.

A dismissal of the appeal is urged on the further ground that appellant, in the preparation of his brief, has failed to comply with the rules of this court. The objections 2. urged are not of such a character as show a failure substantially to comply with these rules, and may be disposed of by the language of the Supreme Court in the case of *Howard* v. *Adkins* (1906), 167 Ind. 184, 186: "While it may be true that appellant has not prepared his brief in all respects as required by the rule mentioned, yet the brief contains enough to advise each of the judges of the questions which are presented for determination. It is manifest that appellant has made a good-faith effort to comply with, and has substantially complied with, our rules in the preparation of his brief. This is sufficient." See, also, *Stamets* v. *Mitchenor* (1906), 165 Ind. 672; *Swing* v. *Hill* (1905), 165 Ind. 411.

It is next argued by appellees that the first assignment of error should not be considered, because the "motion for a new trial was filed and overruled November 14, 1908, 3. at the October term, 1908, of the Elkhart Circuit Court, and no time was given in which to file a bill of exceptions, and the bill of exceptions containing the evidence was not filed until the December term of said court." Appellees are not supported in this contention by the record in the case. The original transcript filed herein shows that appellant's motion for a new trial was filed and overruled on November 14, 1908, and that he was then given sixty days in which to prepare and file his bill of exceptions, and that said bill, containing the evidence, was filed on December 22, 1908. It is true that there has been filed in this case,

since the filing of the original transcript, what is designated as a "Supplemental Record by Appellees," which shows that on December 21, 1908, a motion was made by appellees and sustained by the court, striking out that part of the record entry which gave the appellant sixty days time in which to prepare and file said bill of exceptions. This supplemental record further discloses, however, that after sustaining said motion the court entertained another motion made by appellant for a *nunc pro tunc* entry, which was by the court heard and sustained, and the court ordered "that the clerk of this court now enter in the order-book of this court, as of date of November 14, 1908, the following language to supply an omitted entry of said date: 'Plaintiff now asks leave for sixty days to file bill of exceptions. Sixty days time to file bill of exceptions granted.' " So not only the original, but the supplemental record fails to support appellees' contention.

It is insisted by appellees, however, that the *nunc pro tunc* entry was unauthorized and invalid, because not based upon any entry or memorandum found among the records 4. of the case, but in the absence of a bill of exceptions containing all the evidence introduced before the court, upon which the *nunc pro tunc* entry was granted, the validity thereof is not before this court, and this court indulges the presumption that the ruling of the trial court thereon was correct. *Salem-Bedford Stone Co.* v. *O'Brien* (1898), 150 Ind. 656; Elliott, App. Proc. §215.

Furthermore, appellees' contention in this matter is not entitled to consideration, for the reason that the so-called "Supplemental Record," upon which the contention 5. is based, is not properly before this court. No writ of *certiorari* was ever applied for or granted by this court bringing this supplemental record into the case, but it was brought here by precipe filed by appellees in the court below after the original transcript herein was filed in this court, to wit, February 2, 1909. If the transcript filed in

this court is incorrect or incomplete the remedy is not by an independent precipe, but by petition for a writ of *certiorari*. *Price* v. *Huddleston* (1906), 167 Ind. 536; Elliott App. Proc. §216; Ewbank's Manual §22.

6. The first error argued by appellant is the overruling of the motion for a new trial, and it is first insisted that "the decision is contrary to law, for the reason that the court should have found the following facts, which are not found."

Then follows an enumeration of matters that appellant insists the court should have found, some of which are conclusions, and some merely items of evidence, and not the ultimate fact which the finding is supposed to contain. It is not necessary to go into these items in detail, because the questions attempted to be raised are not presented by this ground of the motion.

The statement that the verdict is contrary to law, raises such errors, occurring upon the trial, as have been carried into the verdict. *Cincinnati, etc., R. Co.* v. *Darling* (1892), 130 Ind. 376; *Robinson Machine Works* v. *Chandler* (1877), 56 Ind. 575; *Jennings* v. *Ingle* (1905), 35 Ind. App. 153.

7. The failure to find a material fact is, in effect, a finding as to such fact against the party on whom the burden of proving such fact rests. *State Bank* v. *Backus* (1903), 160 Ind. 682; *McGrew* v. *Thayer* (1900), 24 Ind. App. 578.

8. The ruling of the court in excluding "the decree adjudging Fannie Rensberger to be a person of unsound mind and appointing appellant her guardian," is urged as error.

The motion for a new trial shows that this offered decree was rendered subsequent to the execution of the note in suit.

Counsel upon neither side of the case have furnished us with any decision of our own State upon this question, and we have been unable to find any expression of this court or

the Supreme Court directly in point. We have, however, found expression upon the subject from courts of other jurisdictions and from the Cyclopedia of Law which we think decisive of the question. The general rule seems to be that an order adjudging one to be of unsound mind "is direct evidence of the fact at the time of the adjudication, and presumptive evidence of the condition of the subject at a subsequent time, upon the theory that a condition of mind once shown to exist is presumed to continue. It is not evidence of itself of the mental soundness of the subject at any time prior to the adjudication."

It is true that some of the authorities indicate that in connection with certain other proof, or offered proof, such evidence may be made competent to show the condition of mind at the time of the adjudication, but it is not necessary that we should decide, or express an opinion upon, this question, as under the condition of the record in this case no such question is before us. The record in this case shows that the decree in question was the first item of evidence offered by the plaintiff, and that it was offered as a separate, independent item, and, therefore, under all the authorities, properly excluded. 22 Cyc. 1133; *Burnham* v. *Mitchell* (1874), 34 Wis. 117; *Small* v. *Champeny* (1899), 102 Wis. 61, 78 N. W. 407.

9.     It is next insisted by appellant that the decision is not sustained by sufficient evidence.

This case comes within the provisions of §698 Burns 1908, Acts 1903 p. 338, §8, and under the decisions construing that statute this court may consider and weigh the evidence. Under these holdings, however, the decision of the trial court has in its favor the presumption that it is correct, and appellant in this case, before being entitled to a reversal of the case under this section of the statute, has the burden of making it appear to the satisfaction of this court that such decision is not fairly sustained by the evidence or is clearly against the weight thereof. *Parkison* v. *Thompson* (1905),

164 Ind. 609; *Maitland* v. *Reed* (1906), 37 Ind. App. 469; *Ray* v. *Baker* (1905), 165 Ind. 74; *Karges Furniture Co.* v. *Amalgamated, etc., Union* (1905), 165 Ind. 421, 2 L. R. A. (N. S.) 788.

Much of the evidence upon which the finding of the court in this case was made was oral, and in passing upon questions of fact depending upon this character of evidence the Supreme Court in the case of *Parkison* v. *Thompson, supra,* said at page 625: "In passing upon questions of fact, under the act in question, which depend upon oral evidence given before the trial court, we must take into consideration, not only the evidence in the record, but also the means and tests afforded the trial court for determining the credibility of the witnesses, and the weight to be accorded to their testimony. We must consider and give effect to all inferences and impressions that might have been reasonably deduced by the trial judge by reason of the fact that he saw and heard the witnesses testify, and had the opportunity, by personal observation, to discover any signs of truth or falsehood in respect to their testimony. In a cause where a question of fact or facts depends upon oral testimony for support, and there is a substantial conflict in the oral evidence, under such circumstances, we will not undertake to reconcile the conflicting evidence, for it must be obvious from the position which we occupy that to endeavor to do so would be virtually useless. Were we to attempt, under such circumstances, to reconcile and weigh the evidence, and interpose our judgment in the case for that of the lower court, great injustice might result. *Pollock* v. *North Carolina, etc., Assn.* [1897], 51 S. C. 420, 29 S. E. 77, 64 Am. St. 683, and cases there cited. Certainly absurdity ought not to be imputed to the statute by holding that it contemplates that this court, under conflicting oral testimony, should weigh the evidence contained in the record, and determine questions of fact depending thereon."

We have given the evidence in this case careful considera-

tion, and under the authorities cited we cannot say that the conclusion reached by the trial court is clearly against the weight thereof.

Appellant insists that the court erred in its conclusions of law, which are as follows: "(1) That plaintiff is not entitled to relief, and (2) that defendants are entitled to judgment for their costs." We deem it unnecessary to set out the findings upon which these conclusions are based, but it is enough to say that they are against appellant upon every issue which appellant claims is presented by the pleadings.

Appellant in his brief asserts that the issues presented by the pleadings were as follows: "(a) Was there any consideration for the note, and, if so, what was it? (b) Was Fannie Rensberger, at the time she executed the note, a person of unsound mind? (c) Was the note obtained by fraud, duress or undue influence? (d) Is Charnley a *bona fide* holder of the note for a valuable consideration, and without notice?"

Besides finding several other collateral and less important facts, the court expressly finds against appellant upon each of said material facts. Such being the finding of the court, the conclusions of law before stated, followed as a necessary consequence.

Judgment affirmed.