## THE BROWNSTOWN WATER AND LIGHT COMPANY ET AL. *v.* HEWITT.

### [No. 9,498.   Filed October 10, 1916.]

APPEAL.— *Transcript.— Supplemental.— Certiorari.—* Where appellants, after the filing of the original transcript, procured a *nunc pro tunc* entry correcting the finding and the judgment rendered by the trial court, and a record of all proceedings concerning such action was embodied in a document which was certified to by the clerk of the court and filed in the Appellate Court under the title of "additional transcript," such document is no part of the record and will be stricken from the files, since it was the duty of appellants to bring the *nunc pro tunc* entry, and the proceedings related thereto, before the appellate tribunal by means of a writ of *certiorari.*

From Marion Superior Court (96,936) ; *John J. Rochford,* Judge.

Action by Allen W. Hewitt against The Brownstown Water and Light Company. Judgment for plaintiff, and defendants appeal. Subsequent to the filing of the original transcript appellant filed an additional transcript, and appellee moved that it be stricken from the files of the court. *Motion sustained.*

*James M. Winters,* for appellants.

*Pliny W. Bartholomew,* for appellee.

MORAN, J.—The question presented for consideration at this time arises upon appellee's motion to strike from the files of this court what is designated in the record as an "additional transcript," and which will hereafter be referred to as such. On January 4, 1916, a transcript and an assignment of error were filed in this court and the record shows the filing of the additional transcript on June 7, 1916.

The judgment appealed from was rendered on June 16, 1915, and on January 3, 1916, pursuant to notice, appellant filed a motion in the lower court to redocket the cause for the purpose, as is stated in the motion, of correcting the finding and judgment, so that the same would be a correct entry, and for a transcript on appeal; and thereafter the motion was granted and the correction made in the order book as prayed. All the steps taken in reference to the filing of the motion, the giving of the notice of its hearing, and the action taken on the part of the court in reference thereto were embodied in a document by the clerk and certified to, and the same was filed in this court under the title of an "additional transcript"; and it purports to be a part of the transcript although no steps were taken by appellants, nor by anyone acting for them, to have the same brought to this court by a writ of *certiorari.*

"Where a trial court record is corrected or amended upon an application there filed, the amendment or correction becomes part of the original record in legal contemplation,

and the party desiring its presentation on appeal should apply for an order to have it certified to the appellate tribunal." Elliott, App. Proc. §207; *Berkey* v. *Rensberger* (1911), 49 Ind. App. 226, 96 N. E. 32. In *Mitchell* v. *Stinson* (1881), 80 Ind. 324, the clerk of the lower court certified to the upper court a copy of an original note, and the court said in reference thereto: "We can not treat the note as in the record. The practice here adopted is not warranted by law. Papers can not be made part of the record in any such manner." After appellants procured a *nunc pro tunc* entry to be made, it became their duty, if they desired the same to reach this court, under the facts before us, to apply for a writ of *certiorari.* Elliott, App. Proc. §216; *Berkey* v. *Rensberger, supra;* Ewbank's Manual §209.

The motion must be sustained, and the document designated an "additional transcript" is hereby ordered stricken from the files of this court.

NOTE.—*Nunc pro tunc* entries, when made, note (1) 62 Ind. App. 311. Writ of *certiorari,* when denied, note, 61 Ind. App. 189.