BODNER *v.* LAFLEUR.

[No. 13,024.   Filed March 30, 1928.]

*Alexander Belle* and *Theophilus J. Moll,* for appellant.
*Fae W. Patrick* and *Bachelder & Bachelder,* for appellee.

NICHOLS, J.—Action for damages to an automobile, alleged to have been caused by the negligence of appellant.

To the complaint in one paragraph. there was an answer in general denial. Trial by jury which resulted in a verdict for appellee, assessing his damages at $375, for which amount the court rendered judgment for appellee.

The only error, which is properly presented, upon which appellant relies for reversal is that the court erred in overruling appellant's motion for a new trial.

The complaint is, in substance, as follows: On or about May 23, 1926, appellee was operating an automobile north on Broadway, a public street which runs north and south in Indianapolis. Appellant was operating an automobile east on Twenty-fifth street, which runs east and west in said city, intersecting Broadway at right angles. Appellee's car had entered into the intersection and was proceeding across the same prior to the time appellant arrived at said intersection. Appellant was operating his car in a careless, negligent and unlawful manner in that he was driving at a high and dangerous rate of speed of thirty or thirty-five miles per hour; and failed to yield the right of way to appellee, who was the driver from the right, and who had entered into the intersection prior to appellant. Appellant failed to have proper control of his car, failed to keep a proper lookout for other persons using the highway, failed to sound any alarm, saw or should have seen that appellee was in a dangerous situation, and carelessly, negligently and unlawfully failed to stop his car or to slow down in order to avoid a collision. By reason of said negligent acts of appellant, appellee's car was damaged. Appellee had said automobile repaired, and the amount of said repair bill is the fair market value for said repairs and parts so used in the repair of the car. That, immediately

prior to said collision, appellee's automobile was of the market value of $1,200 and that immediately thereafter it was of the market value of $700 and appellee has been damaged in the sum of $407.43, and appellee demands judgment.

After the submission of this cause in this court, and after appellant had filed his brief herein, appellee filed his petition for a writ of *certiorari* for the purpose of having the instructions as given by the trial court made a part of the record, which petition, after due notice, was granted. By the clerk's return to this writ, it appears that, by *nunc pro tunc* proceedings, the instructions as originally copied into the record were corrected to conform to the instructions as actually given to the jury, and these instructions as corrected were included in the return to the writ. Thereafter, appellant, without leave of court, and without a petition for a writ of *certiorari*, filed in this court what he calls a supplemental transcript, which had been made on his *praecipe* by the clerk of the trial court, and supplemental assignments of error, by which he undertakes to bring into the record the *nunc pro tunc* proceedings, together with his objections and exceptions thereto, and assignments of error. The proper practice under such circumstances is thus stated by Ewbank, Manual of Practice (2d ed.) p. 341: "If the record below incorrectly states what was done in the trial court and that record is corrected by a *nunc pro tunc* entry after the appeal is taken, the corrected record may be brought up by a writ of *certiorari* and made to take the place of the record as shown by the original transcript. In fact this is the only means by which a record entry *nunc pro tunc* made after an appeal was perfected can be brought before a higher court for consideration in deciding that appeal. A supplemental record brought up by *praecipe* after the making of *nunc pro tunc* entries is no part of

the record. Nothing can be added to the record by supplemental matter brought up by a mere *praecipe*, without obtaining a writ of *certiorari*, after the transcript has once been filed." That this is the proper procedure, see *Berkey* v. *Rensberger* (1911), 49 Ind. App. 226, 96 N. E. 32; *Brownstone Water, etc., Co.* v. *Hewitt* (1916), 63 Ind. App. 6, 124 N. E. 67. It is clear that appellant's "supplemental transcript" presents nothing for our consideration, and we, therefore, do not consider his assignments of error with reference thereto.

Appellant, in presenting error of the court in overruling his motion for a new trial, forcefully challenged instruction No. 6 as it originally appeared on the record, which instruction would have informed the jury that the burden of proof as to contributory negligence was upon appellant, but, as corrected by *nunc pro tunc* proceedings, the jury was rightfully instructed that such burden was upon appellee.

Appellant complains of instruction No. 5 as corrected, which states the rule to be that "Unless the freedom of such contributory negligence is established by a preponderance of the evidence in the cause, it is your duty to return a verdict for the defendant." This is a correct statement of the law; it was not necessary that this instruction should state that the burden of proving that appellant was guilty of contributory negligence rested upon appellee. This rule of law was given to the jury by the court in its instruction No. 6, which was as follows: "The burden on the question of contributory negligence in actions for damage to property, under the law in this state, is upon the plaintiff. Such contributory negligence on the part of the plaintiff must be established by a fair preponderance of the evidence; but if all the evidence, whether introduced on the part of plaintiff or defendant, should establish the fact of contributory negligence on plaintiff's part, it would

avail the defendant and prevent the plaintiff from recovering." This is a correct statement of the law.

Appellant complains of instruction No. 9 as given by the court, which charged the jury that appellee had the right of way over the other vehicle approaching from his left and had a right to assume that the driver of the car approaching from his left knew the law of the state and had a right to rely upon the driver of the car approaching from the left observing the law. Appellant, quoting from an instruction of the court given in *Shuman* v. *Hall* (1927), 246 N. Y. 51, 158 N. E. 16, contends that the instruction should have stated that, "No one driver is to obey the rules; *all* must obey them. The driver coming from the right is equally obliged to exercise care. He *also* must look out for vehicles coming from his right, so that as he approaches the intersection he must have the same control of his car, and approach it with the same degree of care as is required of the driver coming on his left." (Our italics.) If appellant desired an instruction to the foregoing effect, he should have tendered it. Not having done so, he may not complain that such an instruction or its substance was not given.

Instruction No. 11 given by the court, instructed the jury as to the statutory rule with reference to the speed of motor vehicles, such part of the instruction being applicable alike to appellant and appellee, and then instructed the jury, in effect, that if the automobile which injured appellee was being operated at a speed in excess of the speed authorized by the statute, this would justify an inference that the operator was driving at a negligent rate of speed unless the jury should believe from other evidence that, under the circumstances, such rate was not unlawful and unreasonable. The court had already instructed the jury that the burden of proving that appellee was not guilty of contributory negligence was

upon appellee. When considered with such other instruction, we cannot say that the instruction is subject to the criticism that it was one-sided, and that it placed undue emphasis upon the speed at which appellee was driving. If appellant desired an instruction bearing on the question of the negligent speed at which he claimed appellee was driving, he should have tendered one.

There was ample evidence from which the jury was justified in finding that appellee was the owner of the car for the injury to which he seeks damages.

Instead of proving the damage by proving the value of the car immediately before the accident, and then its value immediately after the accident, appellee was permitted, without objection from appellant, to prove his damage by proving the amount it cost him to put his car in repair. Appellant cannot be heard first to present his objections to such method of proving damages in this court. *Stone* v. *Travelers Ins. Co.* (1925), 84 Ind. App. 243, 149 N. E. 454.

Appellant presents a number of questions as to the admissibility of evidence, but after examining them, we deem it unnecessary to discuss them, as none of them presents reversible error.

While there is a conflict in the evidence, there is evidence from which the jury could find that appellant's negligence caused the accident, and that appellee was free from contributory negligence.

Judgment affirmed.