STATE OF INDIANA v. PRICE.

[No. 26,048. Filed May 4, 1934.]

*James M. Ogden,* Attorney-General, and *John H. Underwood,* for the State.

*McMahan & Smith,* for appellee.

HUGHES, J.—This is an appeal from the judgment of the Criminal Court of Lake County quashing an amended affidavit filed against appellee which is as follows (omitting formal parts): "Carl I. Palm, being duly sworn, upon oath says that on or about the 11th day of November, 1930, at and in the county of Lake, State of Indiana, Elza E. Price did then and there unlawfully, wilfully, and feloniously secrete, convert to his own use, sell and attempt to sell certain personal property, to wit: One eight-cylinder, Gardner Sedan automobile, Motor Number M. D. 26884, Serial Number SSS.837, which personal property was then and there held by the said Elza E. Price as vendee under a conditional sales contract entered into by him with one, The Gardner

Motor Co., Inc., from whom the said Elza E. Price purchased the same, under and whereby the said vendor thereof retained the legal title to said personal property until the purchase price thereof should be fully paid. That before the secretion, conversion, sale, and attempted sale of said personal property by the said Elza E. Price, the said Gardner Motor Co., Inc., had duly assigned in writing and sold and delivered said contract and the legal title to said personal property to the Montgomery Acceptance Corporation, who then retained the legal title to said personal property until the purchase price thereof should be fully paid; that said conditional sales contract and the assignment thereof as aforesaid were executed and said automobile purchased by the said Elza E. Price, in the State of Illinois, and that said secretion, conversion, sale, and attempted sale were then and there made and done without the written consent of the said Montgomery Acceptance Corporation, the owner of the legal title to said personal property, and that at the time of purchase aforesaid and the execution of said conditional sales contract and assignment thereof as aforesaid, the said automobile was in the State of Illinois, then and there being contrary to the form of the statute in such case made and provided, and against the peace and dignity of the State of Indiana."

The error relied upon for reversal is the sustaining of the motion of appellee to quash the amended affidavit.

The affidavit was based upon Chapter 182, §1, Acts 1933, §2483, Baldwin's 1934. Section one of said Act 1927 p. 537, §2483, Burns Supp. 1929, §10-4001, Burns is as follows: "Whoever purchases any personal property under a written conditional sale or title reservation note or contract wherein the legal title to the property agreed to be sold and purchased is reserved in the seller, or in a third person, to secure the payment of the purchase price, and who thereafter, without the written consent

of the owner of the legal title to the property described in said conditional sale or title reservation note or contract, removes any of the property so agreed to be purchased and sold out of the State of Indiana where it was situated at the time of the making of said contract or note, or secretes or converts the same, or any part thereof, to his own use, or sells or attempts to sell the same, or any part thereof, to any person without the written consent of the owner of the legal title to said property first had and obtained, shall be deemed guilty of a felony, and upon conviction thereof shall be fined not exceeding one hundred dollars, to which may be added imprisonment in the state reformatory or the state prison for a period of not exceeding one year."

The question presented is—Do the facts as alleged in the affidavit come within the terms of the foregoing statute?

The statute in question says that: "Whoever purchases any personal property under a *written* conditional sale or title reservation note or contract . . ." It is clearly seen that in order to be within the statute the contract must be in writing. There is no allegation in the affidavit that the contract of sale was in writing and the motion to quash was properly sustained for this reason alone. There being no allegation that the contract was in writing, the presumption is that it was oral. As the statute only applies to written contracts it was necessary to allege a written contract in order to come within the statute. It is a familiar rule that every fact necessary to constitute a crime must be directly and positively alleged in the affidavit or indictment. *Hewitt* v. *State* (1908), 171 Ind. 283, 86 N. E. 63; *State* v. *Metsker* (1907), 169 Ind. 555, 83 N. E. 241.

It appears from a reading of the affidavit that the contract and assignment thereof were made in Illinois

and that the automobile was in Illinois at the time of making the contract of purchase. The statute however in our judgment relates only to written conditional sale or title reservation notes or contracts made in Indiana, and where the property is located in this state at the time of making of said contract. This was evidently the purpose of the legislature. The words of the statute are: ". . . and who thereafter . . . removes any of the property so agreed to be purchased and sold out of the State of Indiana *where it was situated at the time of making of said contract or note . . .*" And section two of said act adds strength to the foregoing construction. It provides as follows: "Any prosecution contemplated by this act may be brought in the county where said personal property was so purchased under written conditional title reservation note or contract, or in any other county having jurisdiction of the offense." This section when it refers to a county evidently means a county within the State of Indiana and not elsewhere.

In our judgment, the legislature, when it enacted the act in question had in mind only written conditional sale or title reservation notes or contracts made in Indiana, and property located in Indiana at the time of the making of the contract.

There was no error committed in sustaining the motion to quash the amended affidavit.

Appeal by State not sustained.