KAIN *v*. STATE OF INDIANA.

[No. 29,103. Filed December 17, 1954. Writ of Certiorari
denied January 16, 1955. Rehearing denied March 31, 1955.]

*Harry Long* and *Orval W. Anderson,* both of Gary, for appellant.

*Edwin K. Steers,* Attorney General, and *Carl Humble,* Deputy Attorney General, for appellee.

EMMERT, J.—This is an appeal from a judgment on a verdict finding appellant guilty of reckless homicide, for which he was sentenced to the Indiana State Prison for a term not less than one (1) nor more than five (5) years, and fined in the sum of $500.00. The errors assigned here are that the trial court erred in overruling appellant's motion to quash the second amended affidavit and in overruling appellant's motion for a new trial.[1]

The amended affidavit is as follows:

"Affiant, being duly sworn, upon his oath says that upon information and belief on or about the 17th day of June, A.D. 1950, at and in the County

---

1. Within the thirty day period appellant filed what he designated to be a supplemental motion for a new trial, but since the decision on the validity of the affidavit decides the case, it will not be necessary to discuss either the original or supplemental motions for a new trial.

of Lake, and State of Indiana, FOSTER KAIN did then and there unlawfully, and feloniously drive and operate a certain motor vehicle, to-wit: an automobile, along and upon Cedar Lake Road at and near its intersection with Lowell Road both being public highways in the said County of Lake and State of Indiana, with reckless disregard for the safety of one WILLIAM FREISCHLAD and others, in this, that the said FOSTER KAIN: then and there drove and operated his said automobile at an excessive and unlawful rate of speed, i.e., at the rate of sixty miles per hour, in a zone where the maximum speed is prescribed by law as thirty miles per hour;

"then and there failed to keep his said automobile in control and to apply his brakes in time so as to avoid running into the automobile directly in front of him;

"then and there failed to look out for and observe the automobile directly in front of him in his path of travel and to avoid running into the rear of the same;

"then and there recklessly ran his said automobile upon and against the automobile of the said WILLIAM FREISCHLAD, which was stopped in the path of travel of the said FOSTER KAIN:

"then and there being contrary to the form of the statute in such cases made and provided; and against the peace and dignity of the State of Indiana."

The motion to quash the amended affidavit charged in substance (1) that the facts stated in the said affidavit did not constitute a public offense, and (2) that said affidavit did not state the offense charged with sufficient certainty.

Section 52 of Chapter 48 of the 1939 Acts furnishes the basis for this prosecution, and the provisions thereof material to this decision are as follows:

"(a) Reckless Homicide. Any person who drives a vehicle with reckless disregard for the safety of others and thereby causes the death of

another person shall be guilty of the offense of reckless homicide. . . .

"(b)   . . .

"(c)   Reckless Driving. Any person who drives a vehicle with reckless disregard for the safety, property or rights of others shall be guilty of the offense of reckless driving. . . .

"The offense of reckless driving, as defined in this section, may be based, depending upon the circumstances, on the following enumerated acts and also on other acts which are not here enumerated but are not excluded and may be within the definition of the offense: (1) driving at such an unreasonably high rate of speed, or at such an unreasonably low rate of speed, under the circumstances, as to endanger the safety or the property of others, or as to block the proper flow of traffic; (2) passing or attempting to pass another vehicle from the rear while on a slope or on a curve where vision ahead is obstructed for a distance of less than five hundred [500] feet ahead; (3) driving in and out of a line of traffic, except as permitted elsewhere in the laws of this state; (4) speeding up or refusing to give half of the roadway to a driver overtaking and desiring to pass; (5) failing to dim bright or blinding lights when meeting another vehicle or pedestrian; (6) driving recklessly against another person or against the car or other property of another; or driving in any other specified manner in which the driver is heedless of probable injury to the safety, the property or the rights of others." Section 47-2001, Burns' 1952 Replacement.

"It is fundamental in criminal pleading that each material fact must be charged with reasonable certainty as to time and place. The Bill of Rights ▮ in our Constitution gives the accused the right 'to demand the nature and cause of the accusation against him, and to have a copy thereof.' This provision of our Bill of Rights arises from the English charters of liberty and from judicial decisions in England prior to the adoption of our Constitution, and the

language used in the Bill of Rights had a meaning that had then been defined by the courts of England, and one phase of it was, that as to each material allegation the accused might be sufficiently informed to prepare his defense." *Brockway* v. *State* (1923), 192 Ind. 656, 657, 138 N. E. 88. See also *State* v. *Price* (1934), 206 Ind. 498, 501, 190 N. E. 174; *Hewitt* v. *State* (1908), 171 Ind. 283, 86 N. E. 63; *State* v. *Metsker* (1907), 169 Ind. 555, 83 N. E. 241.

"The rules of criminal pleading contemplate the innocence of the accused and are assumed to contain enough to inform an innocent man of the facts to be shown against him. . . .

"An indictment must state the facts and circumstances which constitute the offense charged with certainty and precision, and every material circumstance in regard to time and place, must be averred with that degree of certainty which is sufficient, to exclude every other intendment." *Alderson* v. *State* (1924), 196 Ind. 22, 28, 29, 145 N. E. 572, 574.

In *State* v. *Beckman* (1941), 219 Ind. 176, 185, 37 N. E. 2d 531, this court, in holding an affidavit charging reckless homicide was properly quashed, said: "Involuntary manslaughter does not belong to that class of crimes that may be charged in the language of the statute. When the affidavit or indictment is based upon the commission of an act which is unlawful because it is negligent, the allegations must allege facts by which it is made to appear that the act was done wantonly or with reckless disregard for the safety of others, and it must further appear that such act was the proximate cause of the death. *Potter* v. *State* (1904), 162 Ind. 213, 70 N. E. 129, 64 L. R. A. 942, 102 Am. St. Rep. 198, 1 Ann. Cas. 32, it was held

to be necessary to a charge of manslaughter that the death of the decedent be made to appear the natural or necessary result of the unlawful act relied upon and that it was insufficient to charge that the killing occurred 'while' the defendant was doing the unlawful act. The charge is not aided by the allegation, by way of conclusion, that the act was done with wanton and reckless disregard for the safety of others. *Kimmel* v. *State* (1926), 198 Ind. 444, 154 N. E. 16. The rules stated above must be held equally applicable to the charge of reckless homicide." See also *Beeman* v. *State* (1953), 232 Ind. 683, 115 N. E. 2d 919. In *Kimmel* v. *State* (1926), 198 Ind. 444, 451, 154 N. E. 16, it was held that an affidavit for involuntary manslaughter must charge that the unlawful act was the proximate cause of the death of a human being.

The second amended affidavit in the appeal at bar failed to charge that appellant "then and there and thereby" drove his automobile against and caused the death of William Freischlad, nor did it in substance charge any unlawful act or omission was a proximate cause of a homicide. See *Turrell* v. *State* (1943), 221 Ind. 662, 666, 51 N. E. 2d 359.

Even a casual examination of the second amended affidavit here discloses it fails to charge the death of William Freischlad or any other human being by any cause, proximate or otherwise. It was error for the trial court to overrule the motion to quash.

Appellant's counsel charges many other errors in his motion for a new trial. Since these questions may not arise if a proper charge is made and a new trial had thereon, it is not necessary to discuss them in this opinion.

Judgment reversed, with instructions to the trial court to sustain appellant's motion to quash the second amended affidavit.

Gilkison, C. J., Bobbitt, Draper and Flanagan JJ., concur.

OPINION ON REHEARING

EMMERT, J.—The appellee's petition for rehearing alleges that our first opinion is in error in copying the amended affidavit. In deciding an appeal we are entitled to set out the pleadings as they appear in the briefs, but we are not bound to do so, and in this case the amended affidavit as set out in the original opinion is an exact copy of the amended affidavit as it appears in the transcript at its proper place as duly certified by the clerk of the trial court.

"It is a settled rule of appellate procedure in this state that on appeal the record is conclusive and imports absolute verity. *Burton* v. *Ferguson* (1880), 69 Ind. 486; *Smith* v. *Gustin* (1907), 169 Ind. 42, 80 N. E. 959, 81 N. E. 722; *Whisler* v. *Whisler* (1903), 162 Ind. 136, 67 N. E. 984, 70 N. E. 152; *Bau* v. *Short et al.* (1928), 89 Ind. App. 17, 165 N. E. 560." *Bayman* v. *Farmers Mutual Fire Ins. Assn.* (1938), 213 Ind. 389, 391, 12 N. E. 2d 945.

"A defective or incomplete transcript can be corrected only by certiorari. *Figart* v. *Halderman* (1877), 59 Ind. 424; *Sumner* v. *Goings* (1881), 74 Ind. 293; *Miller* v. *Shriner* (1882), 87 Ind. 141; *Price* v. *Huddleston* (1906), 167 Ind. 536, 79 N. E. 496; *Ross* v. *Stockwell* (1897), 17 Ind. App. 77, 46 N. E. 360; *Lake Erie & W. R. Co.* v. *Bates* (1897), 17 Ind. App. 386, 46 N. E. 831; *Berkey* v. *Rensberger* (1912), 49 Ind. App. 226, 96 N. E. 32; *Brownstown Water, etc. Co.* v. *Hewitt* (1916), 63 Ind. App. 6, 124 N. E. 67." Flanagan, Wiltrout and Hamilton, Indiana Trial and Appellate

Practice, §2604, pp. 251, 252. No attempt was made to correct this record by petition for writ of certiorari at the proper time.

As is stated in Ewbank's Manual of Practice (2d Ed.), §208a, p. 426, any "agreement of parties as to what forms a part of the record and has been omitted from the transcript is not entitled to any consideration unless such agreement has itself been made a part of the record in a manner known to the law."

The petition for rehearing is denied.

Henley, C. J., Bobbitt, Levine and Achor, JJ., concur.

NOTE.—Reported in 123 N. E. 2d 177.

Rehearing denied 125 N. E. 2d 436.