## HOSEA S. HUGHES *versus* BENJAMIN W. FARRAR.

A horse, exceeding in value $100, is not exempted from attachment and execution.

In the revision of the statutes of 1857, the principal design was "to revise, collate and arrange the public laws," and, in revising, "to condense as far as practicable," — and a mere change of phraseology should not be deemed a change of the law, unless there was an evident intention, in the Legislature, to work a change.

ON FACTS AGREED.

TRESPASS, for taking plaintiff's horse. The defendant justifies the taking, and alleges that he, as sheriff, attached the horse by virtue of a writ, against the plaintiff, in his hands for service.

It is agreed that, at the time of taking the horse, he was of the value of $150; that plaintiff owned no other horse; that no tender of any sum of money was made to plaintiff, at or before the time of taking.

*G. F. Talbot,* for plaintiff.

*G. Walker,* for defendant.

The opinion of the Court was drawn up by

CUTTING, J. — The principal question presented, is, whether a horse of the value of one hundred and fifty dollars, the property of a debtor, owning at the same time no working cattle or other horse, is exempted from attachment and execution under the twelfth clause of section 36, of c. 81, of R. S. of 1857, which provides, that, "One pair of working cattle, or, instead thereof, one or two horses not exceeding in value one hundred dollars," shall be so exempted, and, "if he has more than one pair of working cattle, or, if the two horses exceed in value one hundred dollars, he may elect which pair of cattle, or which of the horses shall be exempted."

The plaintiff's counsel contends, that the one horse may be of a value unlimited, and that the two horses only must not exceed in value, one hundred dollars. While the defendant's

Hughes *v.* Farrar.

counsel, on the other hand, contends that neither the one horse, nor the two horses, shall exceed that sum in value, that the value is affixed to the one horse as well as to the two, and is descriptive of the horses.

If the clause read, one horse not exceeding in value one hundred dollars, or two horses not exceeding in value the same sum; then, upon this point, there could be no disagreement, the language would be too plain to admit of controversy, and we think such to be its true construction, although less concise than that used in the statute. If any doubts can be entertained upon this subject, we are authorized to look at the law as it was before the recent revision of the statutes, for, say the Court, in *Taylor* v. *Delancy*, 2 Caine's Ca. in Er., 151, " when the law, antecedently to the revision, was settled, either by clear expressions in the statutes, or adjudications on them, the mere change of phraseology shall not be deemed a change of the law, unless such phraseology evidently purports an intention in the Legislature to work a change." Our statute, embracing the exemption of horses, was first enacted in 1847, c. 32, § 2, which is in these words: — " Any person may keep one or two horses," &c., " provided the said horse or horses shall not exceed in all, the value of one hundred dollars."

The principal design, in the revision of 1857, was "to revise, collate, and arrange all the public laws of the State," and, in revising, to condense as far as practicable, " with indications of such new laws as might be deemed suitable and necessary," and, on examination of the commissioners' report, we perceive no indications of any change in this particular.

But the counsel for the plaintiff further contends, that he is aided in his construction, by the latter part of the clause, viz., " if the two horses exceed in value one hundred dollars, he may elect which of the horses shall be exempted;" and he virtually argues, that the debtor may keep one horse, irrespective of his value, because, if he have two horses of the value of five hundred dollars, then, inasmuch as they exceed in value one hundred dollars, he may elect the one worth four

Hughes *v.* Farrar.

hundred and fifty, and surrender the other, worth only fifty dollars, and, therefore, he says that the first and last part of the clause are in harmony, and the debtor keeps one horse exceeding in value one hundred dollars. We are satisfied that such cannot be the true construction, but rather, if the horse of the greater value were selected, he would be attachable under the first part of the clause, as being a horse not answering the description of the one exempted, and, under such circumstances, it would be much safer for the debtor to surrender the better horse, otherwise, he might be in danger of parting with both. A different construction would enable the poor debtor to ride a horse of great value, while, possibly, his poor creditor might be obliged to walk, or to ride the one diseased and discarded. It is thought that the Legislature, although liberal towards the debtor, anticipated no such result, and that the clause in the statute was not so much designed to encourage the growth of horses, as it was to enable the poor debtor to obtain and retain the means of an honest livelihood; and, at his option, to substitute horse power for that of oxen, to be confined to the farm, rather than to the race course.

Upon the second point, raised by the plaintiff's counsel, we are satisfied that the value was descriptive, and that a horse worth one hundred and fifty dollars is not the horse exempted by the statute.

According to the agreement of the parties,

*A nonsuit is to be entered.*

TENNEY, C. J., RICE, APPLETON, HATHAWAY, and GOODE-NOW, J. J., concurred.