STATE *vs.* GEORGE H. DUNNING.

Cumberland.   Opinion February 18, 1891.

*Indictment.    Pleading.    " Catch and have in possession."    Short Lobsters.    Pub. Laws, 1889, c. 292.*

In an indictment for not liberating short lobsters, when it sets forth the accusation in substantial accordance with the requirements of law; *Held :* That

(1.)   A material averment may sometimes be introduced with as much clearness and certainty by means of the participial clause commenced by the word "being" as in the form of the direct proposition of a declarative sentence.

(2.)   The words " catch and have in possession " may relate to the same acts and describe the same transaction. They constitute but one offense.

(3.) It is sufficiently alleged that the lobsters were alive when caught. The word " catch " is not aptly employed to express the idea of obtaining possession of inanimate or motionless things, but of taking captive living and moving ones.

(4.) It appears from the use of the pronoun " his " that the lobsters were not liberated at the respondent's risk and cost.

The desire to introduce greater directness and simplicity or otherwise promote reforms in legal literature must always be subordinate to the interests of justice. Courts are not permitted to be finically exacting respecting the construction of sentences or the graces of style.

ON EXCEPTIONS.

The defendant excepted to the ruling of the Superior Court, for Cumberland County, in overruling his demurrer to the indictment, which charged that the defendant "between the first day of July in the year of our Lord one thousand eight hundred and eighty-nine, and the first day of May in the year of our Lord one thousand eight hundred and ninety, to wit, on the twenty-eighth day of April in the year of our Lord one thousand eight hundred and ninety at Harpswell, in the County of Cumberland, unlawfully did catch and have in his possession one hundred and eleven lobsters, each of said lobsters then and there being less than ten and one half inches in length, said length of each of said lobsters being then and there measured by extending each lobster on the back its natural length, and taking the length of its back measured from the bone of the nose to the end of the bone of the middle flipper of the tail, which said lobsters when caught being shorter than ten and one half inches in length, measured in manner aforesaid, were not then and there liberated alive at his risk and cost: against the peace of said State, and contrary to the form of the statute in such case made and provided."

*Thomas M. Giveen,* for defendant.

Time for measurement not sufficiently alleged, the statute requiring the lobsters to be not less than ten and one half inches in length, when caught.

Indictment, in selecting from the statute the two offenses of catching and of having in possession, is defective. Statute contemplates that the person taking the lobsters shall liberate them

alive,—an impossibility for one having dead lobsters in his possession.

It alleges that the lobsters were not liberated alive, when in no part of it relating to their possession, is there any allegation that the lobsters, said to be in defendant's possession, were alive. It does not properly allege at whose risk and cost the lobsters should be liberated alive.

*Frank W. Robinson,* county attorney, for state.

The use of the word "being" to introduce a material allegation, directly adjudged good in *Rex* v. *Moore,* 2 Mod. 128, 129, and used in approved precedents. Bishop's Directions and Forms, § § 148, 150, 203, 215 ; Whart. Prec. Form 204, *et seq.* :248, 461, *et seq* ; also in indictment for adultery, aggravated assaults, embezzlement, &c. *State* v. *Hutchinson,* 36 Maine, :261; *State* v. *Jackson,* 39 *Id.* 291 ; *State* v. *Weatherby,* 43 *Id.* 258 ; *Com.* v. *Elwell,* 2 Met. 90 ; *Com.* v. *Squire,* 98 Mass. 259 ; *State* v. *Parker,* 57 N. H. 123 ; *State* v. *Bridgman,* 49 Vt. 202 ; *State* v. *Palmer,* 35 Maine, 9 ; *Com* v. *Creed,* 8 Gray, 387. Counsel also cited : 1 Bishop's Crim. Proc. (3d. Ed.) § § 356, 355, 512, and cases cited ; *State* v. *Beason,* 40 N. H. 367 ; *Com.* v. *Call,* 21 Pick. 515 ; *Jeffries* v. *Com.* 12 Allen, 152 ; *Miller* v. *State,* 107 Ind. 152. Words "at his risk or cost" may be rejected as surplusage.

WHITEHOUSE, J. Exceptions to the overruling of a demurrer to an indictment based on chap. 292 of the public laws of 1889, regulating the lobster fisheries.

The second section of the act provides that "it is unlawful to catch . . . . or possess for any purpose" between the dates named "any lobsters less than ten and one half inches in length, alive or dead, . . . . and any lobsters shorter than the prescribed length when caught shall be liberated alive at the risk and cost of the parties taking them, under a penalty of one dollar for each lobster so caught . . . . or in possession, not so liberated."

The indictment alleges that the respondent "did catch and have in his possession one hundred and eleven lobsters, each of

said lobsters then and there being less than ten and one half inches in length, . . . . which said lobsters when caught being shorter than ten and one half inches . . . were not then and there liberated alive at his risk and cost."

It is not difficult to understand, from the language of this indictment, that the prosecution was instituted to recover of the respondent the penalty imposed by law for not liberating alive the short lobsters caught by him ; and reasonably construed we think it sets forth the accusation in substantial accordance with the requirements of law. But the objections will be considered in detail.

1. The indictment sufficiently alleges that the lobsters were less than the prescribed length *when caught.* A material averment may sometimes be introduced with as much clearness and certainty by means of the participial clause commenced by the word "being," as in the form of the direct proposition of a declarative sentence. This practice is too familiar and well-established to require the citation of the numerous precedents found on the county attorney's brief.

2. The allegation that the respondent did "catch and have in his possession" the lobsters named does not render the indictment amenable to the objection of duplicity. The acts are alleged to have been committed at one time and in one place. The operation of catching lobsters necessarily involves at least a momentary possession. "The penalty is for not liberating certain lobsters caught or in possession, or in other words for destroying them." *State* v. *Bennett,* 79 Maine, 55. And the penalty is the same whether the lobsters not liberated alive are "caught" or "caught and possessed" by the respondent. Both words may relate to the same act, and describe one transaction. They constitute but one offense. *State* v. *Burgess,* 40 Maine, 593 ; *State* v. *Lang,* 63 Maine, 215 ; *State* v. *Haskell,* 76 Maine, 399 ; *State* v. *Willis,* 78 Maine, 70 ; 1 Bishop's Crim. Proc. § § 434, 435, 436, and authorities cited.

3. It is immaterial whether the lobsters were "alive or dead" when found in the possession of the respondent. But the allegation that he *caught* them sufficiently indicates that they

were alive at that time.    It is common knowledge that they must be alive to be caught by the device uniformly adopted for that purpose.    Again, the word "catch" is not aptly employed to express the idea of obtaining possession of inanimate or motionless things, but of taking captive, living and moving ones.    Under statutes making it unlawful to "fish for and catch" certain kinds of fish between specified dates, it would be hypercritical to require an explicit averment in the indictment that the fish were alive when caught.    See Bishop's Directions and Forms, § § 438, 439.

4.    It is objected finally that there is no proper allegation "at whose risk and cost the lobsters should be liberated alive." But it appears with reasonable certainty from the use of the pronoun "his" that they were not liberated at the respondent's risk and cost.

It may properly be observed, in conclusion, that the desire to introduce greater directness and simplicity, or otherwise promote reforms in legal literature, must always be subordinate to the interests of justice.    Courts are not permitted to be finically exacting respecting the construction of sentences or the graces of style.    "The doctrine is general," says Mr. Bishop, "that the court will consult sound sense to the disregard of captious objections in looking for the meaning of the allegations in the indictment."    1 Bishop's Crim. Proc. § 356.

*Exceptions overruled.    Judgment for the state
for one hundred and eleven dollars and costs.*

PETERS, C. J., WALTON, VIRGIN, LIBBEY and HASKELL, JJ., concurred.