## THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT, *v.* JEREMIAH C. KEATING, APPELLANT.

*Crimes — manslaughter in the first degree — twenty peremptory challenges — "punishable" means "liable to be punished."*

The crime of manslaughter in the first degree is punishable by imprisonment for not less than five nor more than twenty years. It is provided by section 373 of the Code of Criminal Procedure that if the crime charged is "punishable" with imprisonment for life, or for a term of ten years or more, the prisoner may take twenty peremptory challenges to the jury.

*Held,* that a prisoner indicted for manslaughter in the first degree was entitled to twenty peremptory challenges.

The right to such challenges upon the part of the prisoner is purely statutory, and the tendency of the legislature has been to enlarge the number.

The meaning of the word "punishable" is "liable to be punished." It does not mean that the punishment must be inflicted.

APPEAL by the defendant Jeremiah C. Keating from a judgment of the Court of Sessions of Livingston county, entered in the clerk's office of said county on the 5th day of March, 1891, adjudging the defendant guilty of manslaughter in the first degree, and directing his imprisonment in the State prison for a term of five years.

*J. M. Hastings,* for the appellant.

*L. O. Reed,* district attorney, for the respondent.

LEWIS, J.:

The circumstances attending the commission of the crime of which the defendant was convicted were exceedingly cruel and brutal. The defendant was one of four men who planned the assault which

was made upon the deceased William S. Joslyn, and which resulted in his death. Joslyn was assaulted when standing quietly upon the sidewalk in the village of Mt. Morris. Daniel J. Keating, one of the defendant's party, made an attack upon him, striking him in the face with his fists, knocking him down and continued beating him while down until he succeeded in breaking his neck, causing his death. The defendant stood near by aiding and encouraging the assault. When the witness James McNealy attempted to interfere and make peace the defendant seized McNealy and forced him away; McNealy returning, the defendant took off his coat, pushed McNealy into the gutter, saying " Let them have fair play," and the beating continued until the defendant directed Daniel Keating to desist, and Joslyn was then dead.

The evidence of the defendant's guilt was ample to justify the verdict. The evidence as to the blood upon the wall of the hotel, directly back of where the deceased was standing when assaulted, was competent as part of the *res gestæ*. The question put to Jeremiah Keating, " If he wanted to see Joslyn get a thrashing," was competent. Keating belonged to the defendant's party; stood by during the assault. He was called as a witness for the defense and had given important testimony. It was proper for the district attorney to ascertain if he was an impartial and unprejudiced witness.

The important question in the case arises on the ruling of the court that the defendant was entitled to but five peremptory challenges. The indictment was for the crime of manslaughter in the first degree, which is punishable by imprisonment for not less than five nor more than twenty years. Section 373 of the Code of Criminal Procedure is as follows : " Peremptory challenges must be taken in number as follows : First. If the crime charged be punishable with death, thirty. Second. If punishable with imprisonment for life, or for a term of ten years or more, twenty. Third. In all other cases five." The appellant's contention is that his case comes under the second subdivision, that he was entitled to twenty peremptory challenges; that the crime that he was charged with committing was punishable by imprisonment for ten years or more. The defendant's right to peremptory challenges was purely statutory. It was not derived from the Constitution nor the common law.

At common law the people had the right to peremptory challenges, but the accused had not. We are not referred to any adjudication in this State where the questions raised here were presented.

A brief review of the legislation touching peremptory challenges may aid in the solution of this question. By the Revised Statutes every person put on trial for an offense punishable with death, or with imprisonment in a State prison for ten years, or any longer time, was entitled to twenty challenges. For offenses punishable with imprisonment for a term of less than ten years no challenges were allowed. To remedy this the act of 1847 (ch. 134) was enacted. By that act every person on trial for an offense not punishable with death, or with imprisonment in a State prison for ten years, or for a longer time, was entitled to five challenges. By the act of 1858, chapter 332, on a trial of any offense punishable with death, or by imprisonment for the term of ten years, or for a longer term, the people were given ten peremptory challenges; and on the trial of an offense punishable by imprisonment for a term of less than ten years, three challenges. Prior to the adoption of the Criminal Code the provision of the Revised Statutes (2 R. S., 734, § 9) was as follows: "Every person arraigned and put on his trial for any offense punishable with death, or with imprisonment in a State prison ten years, or any longer time, shall be entitled peremptorily to challenge twenty of the persons drawn as jurors for such trial and no more."

In the case of *Dull* v. *The People* (4 Denio, 92) the defendant was indicted for burglary in the second degree, and on the trial claimed the right to peremptory challenges of the jurors, which was denied by the trial court. He was convicted and sentenced to imprisonment in the State's prison for ten years, that being the maximum penalty for that offense. The trial court held that, as the minimum was less than ten years, the prisoner was not entitled to peremptory challenges. The court, on appeal, Chief Justice BRONSON delivering the opinion, held that the offense being one for which the defendant was liable or subject to be punished with imprisonment in the State's prison for ten years, his case came within the express words of the statute, and the conviction was reversed.

The contention of the district attorney is, that by the change in the phraseology of the statute by the use of the word "term," in subdivision 2 of section 373, the legislature intended to fix a period of

time limited by the termini; one terminus being imprisonment for the term of ten years, and the other, imprisonment for life, or for a longer term than ten years.

We have seen from the history of the legislation upon this subject that the tendency has been to enlarge and increase the number of peremptory challenges in criminal cases. The statute which was displaced by section 373 of the Code of Criminal Procedure, as the section of the Revised Statutes had been construed by the court in *Dull* v. *The People*, gave to the person charged with a crime the punishment of which might be imprisonment for ten years or more, twenty challenges. If the construction contended. for by the people's counsel be correct, section 373 abridged the number of challenges which the defendant would have been entitled to under the former statute.

We are not able to see, by the change in the language suggested, evidence of an intention on the part of the legislature to thus abridge the defendant's right to challenges.

"Where the statutes of a State are 'revised' after the manner generally pursued in our States, the Revised Statutes receive the former interpretation wherever a contrary intention does not affirmatively appear. Slight changes in language. are not presumed to change the meaning, since it was one of the special objects of the revision to introduce an improved and more uniform phraseology. To produce a change of interpretation, the intent to change the law must affirmatively appear." (Bishop on Crimes [1st ed.], § 98, and authorities referred to in margin; *Hughes* v. *Farrar*, 45 Me., 72.)

The crime the defendant was charged with committing is punishable by imprisonment, in the discretion of the court, for ten years or more. The meaning of the word "punishable" is not "must be punished," but "liable to be punished;" and was so held in the case of *State* v. *Frederick Neuner* (49 Conn., 233); also in *Miller* v. *State* (58 Ga., 200).

"Punishable" includes an offense which may, under some circumstances, be punished in the manner designated, although under others it may not be.

In *Commonwealth* v. *Pemberton* (118 Mass., 336), it was held that a statute providing that murder committed in the commission of, or in the attempt to commit any crime punishable with death or

imprisonment for life, is murder in the first degree, and includes all offenses that may be so punished.

If subdivision 2 of section 373, read "If the crime charged *may be punished* with imprisonment for life, or for a term or period of ten years or more," it would not be contended but that the defendant was entitled to the twenty challenges. It was the liability of the defendant to receive a sentence of a term of ten years that determined the number of challenges he was entitled to, and not his liability to receive a less term. Stress is laid upon the employment of the word "term" as indicative of an intention to alter the previous statute.

An imprisonment for any definite period of time is certainly for a term. We must assume that the codifiers were aware of the prior statutes, and the construction which the courts had given them. If they had intended to change the law they would, we think, have provided for the cases where a crime was punishable with the term of ten years or less.

We think the learned court below fell into error in holding that the defendant was entitled to but five peremptory challenges, and that the judgment of conviction for that reason should be reversed and a new trial granted.

DWIGHT, P. J., and MACOMBER, J., concurred.

Judgment and conviction reversed and a new trial ordered in the Court of Sessions of Livingston county.