## MARY E. TARBOX, Pet'r *vs.* HARRY G. TARBOX.

### Penobscot.    Opinion November 3, 1921.

*A petition for a new trial after judgment on a libel for divorce, filed within three years after judgment, when the parties have not cohabited and neither has contracted a new marriage subsequent to the former trial, is not barred by the three year limitation under Chap. 65, Sec. 11 of the R. S., even though final judgment thereon is not entered until after the expiration of that time.*

R. S., Chap. 65, Sec. 11, provides that "Within three years after judgment on a libel for divorce, a new trial may be granted as to the divorce, when the parties have not cohabited nor either contracted a new marriage since the former trial" etc.

*Held:*

That, considering the history and purpose of this statute, a petition for new trial filed within the three year period, even though final judgment thereon is not entered until after the expiration of that time, is not barred by this limitation.

On exceptions by petitioner. This is a petition to review a judgment for divorce granted at an ex parte hearing on the ground of desertion, though service was made on libellee who did not appear at the hearing. At a hearing on the petition the Justice presiding dismissed the petition and ruled that the petitioner's right of action had been barred by the Statute of Limitation, R. S., Chap. 65, Sec. 11, to which ruling petitioner excepted. Exceptions sustained.

Case is stated in the opinion.

*Bradley, Linnell & Jones,* for plaintiff.

*Morse & Cook,* for defendant.

*George H. Morse,* for Isabel R. Judge.

SITTING: CORNISH, C. J., SPEAR, PHILBROOK, WILSON, DEASY, JJ.

CORNISH, C. J. This case involves the construction of R. S., Chap. 65, Sec. 11, limiting the period within which a new trial (somewhat in the nature of a review, *Simpson* v. *Simpson,* 119 Maine, at 17) may be granted in a libel for divorce. The words of the statute are

"Within three years after judgment, on a libel for divorce, a new trial may be granted as to the divorce when the parties have not cohabited nor either contracted a new marriage since the former trial;"  . . . . What marks the end of the three year period? Is it the bringing of the petition for new trial or the judgment thereon? Is a petition for new trial filed within the three year period seasonably filed, even though the final judgment thereon is not entered until after that time, or must the granting of the new trial itself be within the three year limit?  These are the questions involved here.

The original divorce between these parties was granted at the October term, 1917, of the Supreme Judicial Court for Penobscot County.  On February 16, 1918, this petition for a new trial was brought by the libellee, Mary E. Tarbox, was served on Harry E. Tarbox the original libellant on March 8, 1918, and duly entered at the April term, 1918, of said court, all within six months of the granting of the divorce.  The cause was continued from term to term. On March 21, 1919, Harry E. Tarbox died.  His death was suggested on the docket at the April term, 1919.  A hearing was not had before the presiding Justice until January 31, 1921, the October term, 1920, being then open, and the Justice dismissed the petition, ruling as a matter of law that "affirmative action on the present petition is inhibited by the three year limitation of the statute, the death of the respondent notwithstanding."  On exceptions to this ruling the case is before the Law Court.

The exceptions must be sustained.  While the language of the statute gives some color to the defendant's construction, an examination of the original statute, Public Laws, 1839, Chapter 377, viewed in the light of the subject-matter, clarifies the legislative intent.  That act, after giving the Justices of the Supreme Judicial Court discretionary power to grant a new trial in cases of divorce, concludes: "Provided however that but one new trial shall be granted for the same cause and that no application for such new trial shall be sustained after a lapse of three years from the final determination of the first trial."  Evidently the intention was that the application must be made within the three year period.  A transposition of the words might more happily express the thought, viz.:  "No application for such new trial, after a lapse of three years from the final determination of the first trial, shall be sustained."  It is the application that is to be sustained or rejected, and to the making of that the three year

limit is to apply. Judgment in the divorce case marks the beginning of the period, making application for its reversal marks the end.

When the previous statutes and laws were revised and condensed in 1841, a change was made in the phraseology of this section, the word application was squeezed out and in the condensed form the clause appears, "provided such new trial shall not be granted after the lapse of three years after the former judgment." R. S. 1841, Chap. 89, Sec. 32. In 1857 the same idea was expressed, but in the affirmative rather than in the negative form: "Within three years after a judgment on a libel for divorce, the Court, on petition of the party aggrieved, may grant a new trial" &c., R. S. 1857, Chap. 60, Sec. 8, and this has been repeated in substantially the same language in subsequent revisions. R. S., 1871, Chap. 60, Sec. 9; R. S., 1883, Chap. 60, Sec. 14; R. S., 1903, Chap. 62, Sec. 11; R. S., 1916, Chap. 65, Sec. 11.

No specific legislation authorized the changed phraseology, and it is a cardinal principle in statutory construction that a mere change in phraseology in the reenactment of a statute in a general revision does not change its effect unless there is evident a legislative intention to work such change. *Hughes* v. *Farrar*, 45 Maine, 72; *Martin* v. *Bryant*, 108 Maine, 253; *Glovsky* v. *Maine Realty Bureau*, 116 Maine, 378. No such legislative intent of change can be perceived in this case. The meaning of the original statute still persists.

Moreover, any other construction is unreasonable and works injustice. A statute of limitation whose purpose is to end litigation is designed to cut off rights after the lapse of a certain period which by its very nature must be fixed and definite. It should not be in the nature of a movable feast. It must give all persons the same specified time beyond which their rights cannot be litigated. Then they can govern themselves accordingly.

And this right to reopen a case should depend wholly upon the action or inaction of the moving party, not on the conduct of his adversary or the happening of outside events for which the petitioner is in no way responsible. It should not depend upon the skill of a respondent to postpone the hearing, nor upon the delays of court procedure, through appeals or exceptions, to a time beyond the statutory period. Under such a construction as the defendant here contends for, even though an application were begun well within the three year period the petitioner might not be able to obtain judgment

until long after that period had elapsed and that, too, without his fault. The instant case is a good illustration. This petition was brought, served and entered within six months after the divorce was decreed, was continued in court for several terms, for reasons that the record does not disclose other than the death of the libellant in March, 1919, but was not actually heard until January 31, 1921, a few months after the expiration of three years from the divorce decree. Even now it is not finished because exceptions have brought the case to the Law Court and the cause will go back to another hearing below. Has the petitioner's right of review been thereby lost? We think that the statute should and can be so construed as to avoid this unjust result, and we think the construction here given is the one expressed in the original act of 1839, and never changed. Where any ambiguity exists, resort may be had to the nature of the subject matter, the object to be accomplished, and the consequences, because it is to be presumed that the Legislature had just, reasonable and definite ends in view.

The fact that the respondent has died since the commencement of these proceedings does not prevent their prosecution, where property rights are involved as here. *Leathers* v. *Stewart*, 108 Maine, 96; *Gato* v. *Christian*, 112 Maine, 427.

This petition survived.

*Exceptions sustained.*