ROMEO JENNESS

PLAINTIFF IN ERROR

*vs.*

STATE OF MAINE

Knox.   Opinion, February 15, 1949.

*C. S. Roberts,* for plaintiff in error.

*Ralph W. Farris, Attorney General,*
*Abraham Breitbard, Deputy Attorney General,*
for State of Maine.

SITTING: STURGIS, C. J., THAXTER, MURCHIE, TOMPKINS, FELLOWS, MERRILL, JJ.

FELLOWS, J. This case comes to the Law Court on exceptions by the plaintiff in error to a ruling of a justice of the Superior Court in the County of Knox dismissing his writ of error.

The plaintiff was indicted at the October Term, 1945 in the Superior Court for Kennebec County. The indictment charged the crime of sodomy, and the indictment further alleged that the respondent (now plaintiff in error) had been previously convicted in 1939 of the crime of indecent liberties and sentenced to serve a term of two years in the State Prison of the State of Maine. Counsel was appointed by the court to defend the respondent, and upon arraignment of the respondent the plea was guilty. Later in the term, on October 12, 1945, he was sentenced to not less than 15 years nor more than 30 years in State Prison.

The indictment, found at the October Term 1945, alleged the crime against nature described in Revised Statutes (1944), Chapter 121, Section 3, and punishable by not less than one nor more than ten years. The allegation of previous conviction for indecent liberties was inserted under the authority of Revised Statutes (1944), Chapter 136, Section 3, which is as follows:

> "When a person is convicted of a crime punishable by imprisonment in the state prison, and it is alleged in the indictment and proved or admitted on trial, that he had been before convicted and sentenced to any state prison by any court of this state, or of any other state, or of the United States, whether pardoned therefor or not, he may be punished by imprisonment in the state prison for any term of years."

This Section 3 of Chapter 136 of our statutes first appears as Section 18 of Chapter 282 of the Public Laws of Maine passed by the Legislature in 1824. It then provided that the habitual offender when "convicted" of a felony might be sentenced for a limited term or for life. It was also provided by Section 19 of said Chapter 282, Public Laws 1824, that if the prior sentence was not known at the time of indictment and conviction, the warden and prison inspectors had authority to obtain legal process to have the convict tried on the fact of prior conviction, "and if it appear by the confession of the party, verdict of a jury or otherwise according to law" the court could sentence anew. This said Section 19 was repealed in 1897 by Chapter 180 of the Public Laws, but said Section 18 has appeared in each revision of the statutes until the present, with only slight verbal changes. The principal changes have been: (1) In Revised Statutes (1841), Chapter 167, Section 12 the words are "and admitted or proved on trial," in the later revisions these words are transposed to the present reading "and proved or admitted on trial," and (2) in the revision of 1903, Chapter 136, Section 2, the present punishment of "any term of years" was inserted, instead of "for a limited term or for life."

The pending writ specified as errors (1) that said Revised Statutes (1944), Chapter 136, Section 3, under the terms of which the plaintiff in error was sentenced to not less than fifteen nor more than thirty years, is unconstitutional under the XIV Amendment of the Constitution of the United States that "No state shall deny to any person within its jurisdiction the equal protection of the laws" and the writ further alleged error in that (2) "said statute further provides that the fact of a previous conviction must be 'proved or admitted on trial,' but that the conviction under this record is based upon an arraignment only."

The respondent (plaintiff in error) was under indictment at the October term, 1945, for the crime against na-

ture described in Revised Statutes (1944), Chapter 121, Section 3, and for that offense was liable to punishment for ten years. The above quoted statutory authorization for servitude in excess of ten years, because of prior sentence to State Prison, is what the plaintiff in error claims is unconstitutional.

Statutes that permit extra punishment for old or habitual offenders are constitutional, for the reason that all persons on conviction who have been previously convicted and sentenced to any State Prison, are subject to the same treatment. *Moore* v. *Missouri*, 159 U. S. 673; 16 Sup. Ct. 179; 40 L. Ed. 301; *Graham* v. *West Virginia*, 224 U. S. 616; 32 S. Ct. 583; 56 L. Ed. 917; *MacDonald* v. *Massachusetts*, 180 U. S. 311; 21 S. Ct. 389; 45 L. Ed. 542; *New York* v. *Gowasky*, 244 N. Y. 451; 155 N. E. 737; 58 A. L. R. 9. See also Annotations in 82 A. L. R. 345; 116 A. L. R. 209; 132 A. L. R. 91; 139 A. L. R. 673.

The plaintiff argues here, however, that for the same offense the court may, in its discretion, in one case sentence an accused to State Prison and in another case may sentence an accused to the Reformatory for Men (Revised Statutes 1944, Chapter 23, Section 66), and that thus the equal protection is violated because one person sent to State Prison may be punished as a second offender while the other not. We see no force to this argument. The wisdom for the enactment of the statute is for the legislature and not for the court. The legislature has seen fit to make the sentence to any State Prison the standard for prior conviction. In many instances there should be a sentence to the Reformatory for Men, because of age limit, previous good character, mitigating circumstances, probable reformation, or other legal considerations, and the legislature had the right and authority to fix the criterion to be a prior State Prison sentence.

The second contention of the plaintiff in error is that under Revised Statutes (1944), Chapter 136, Section 3, the

previous conviction must be not only "alleged in the indictment" but "proved or admitted on trial." It is here alleged in the indictment, and the plea was guilty on arraignment. The plaintiff, however, says it was not "proved or admitted on trial" because there was no "trial." In other words, the plaintiff claims that the previous conviction and sentence to State Prison cannot be ascertained by a formal and voluntary plea of guilty on arraignment, but it must be proved or admitted during a trial.

This is a writ of error and is based on the record alone. Facts outside the record are not to be considered. It is the record only that controls, and the writ can be brought only to obtain a correction of error on that record. *Nissenbaum v. State of Maine*, 135 Me. 393. Here the record shows an indictment alleging a crime punishable by imprisonment in the State Prison, and the same indictment also alleges that the respondent (now plaintiff in error) had been before convicted and sentenced in 1939 to the State Prison, for the crime of indecent liberties, by a court of this State, viz., the Superior Court in and for the County of Kennebec. The record further shows appointment of attorney to defend, arraignment, and voluntary plea of guilty to the indictment, with sentence afterwards imposed of not less than fifteen nor more than thirty years in State Prison.

What is the effect of such a plea of guilty upon arraignment? A voluntary plea of guilt when understood by a respondent has always been considered a solemn confession from the only person who "had the best possible knowledge of the truth." *State v. Siddal*, 103 Me. 144, 146; 68 A. 634, 635; 14 American Jurisprudence 951, Sections 270-272. It admits all facts in the indictment sufficiently pleaded. *Green v. Commonwealth*, 12 Allen (Mass.) 155, 172; 22 C. J. S. "Criminal Law," 656, Section 424. A plea of guilt is in itself a conviction. It is as conclusive as a verdict of a jury. The court has nothing to do but give judgment and

sentence. *Kercheval* v. *U. S.*, 47 S. Ct. 582; 274 U. S. 220; 71 L. Ed. 1009. "The sentence is the judgment." *State* v. *Stickney*, 108 Me. 136; 79 A. 370, 371. The plea being guilty, there is no "issue of fact joined on the indictment" as contemplated by Revised Statutes (1944), Chapter 135, Section 15.

There is nothing in our statutes that prohibits the court from accepting a plea of guilty, and by pleading guilty to an indictment there is no necessity for placing a respondent on trial before the jury. Had this respondent (plaintiff in error) pleaded not guilty, or had he pleaded not guilty to that part of the indictment charging his former conviction, a trial would thereby have been demanded and necessary. *State* v. *Beaudoin*, 131 Me. 31; 158 A. 863; 85 A. L. R. 1101; *State* v. *Lashus*, 79 Me. 504; 11 A. 180.

The court recognizes the well-known rules that a penal statute should be strictly construed, and that its effect cannot be extended beyond the meaning of language used; but even under a penal statute "the intention of the legislature constitutes the law." *Violette* v. *Macomber*, 125 Me. 432, 434; 134 A. 561, 562. The meaning here does not require proof of facts admitted, and the legislature certainly did not require the sometimes difficult and always expensive ceremony of a jury trial, when the respondent has formally, solemnly, and voluntarily admitted all that a jury trial could possibly achieve.

If the statute now had the words "and admitted or proved on trial," as it appears in the statute revision of 1841, Chapter 167, Section 12, instead of the present transposition of these words to "proved or admitted on trial," the plaintiff would never have invented his claimed construction.

In 1841 the prior conviction might clearly be either admitted or, if necessary, proved "on trial." There is nothing to indicate that there has been any change in the attitude

of the legislature for more than a century. Facts admitted do not have to be proved. In the revision of the statutes the above mentioned change in phraseology was not a change of the law, because there was no evident intention of the legislature to make a change. If any ambiguity exists in a statute resort may be had to the original to aid construction. *Tarbox* v. *Tarbox,* 120 Me. 407; 115 A. 164; *Hughes* v. *Farrar,* 45 Me. 72; *Hilton* v. *Shepherd,* 92 Me. 160, 164; 42 A. 387.

"The rule of strict construction of a penal law is subordinate to the rule of reasonable, sensible construction, having in view effectuation of the legislative purpose, and is not to be so unreasonably applied as to defeat the true intent and meaning of the enactment." *Violette* v. *Macomber,* 125 Me. 432, 434; 134 A. 561, 562.

It would not only be useless ceremony to have a jury trial after solemn plea of guilty, but the construction claimed would also make it possible for an habitual offender, by pleading guilty, to perhaps escape the larger and proper punishment at a busy term of court.

The dismissal of the writ was proper.

*Exceptions overruled.*