EDWARD A. INGERSON

*vs.*

STATE OF MAINE

Cumberland.  Opinion, July 17, 1951.

*Aldrich and Aldrich,* for plaintiff in error.

*John S. S. Fessenden,*

*James L. Reid,* for State of Maine.

SITTING: MURCHIE, C. J., THAXTER, FELLOWS, MERRILL, NULTY, WILLIAMSON, JJ.

NULTY, J.   This writ of error comes to the Law Court on exceptions by the plaintiff in error to the ruling of a Justice of the Superior Court in the County of Cumberland dismissing his writ of error.

The plaintiff in error was indicted at the June Term, 1949, in the Superior Court for Kennebec County.  The indictment charged the crime of rape pursuant to R. S., 1944,

Chap. 117, Sec. 10, and further alleged and charged, pursuant to the provisions of R. S., 1944, Chap. 136, Sec. 3, that the plaintiff in error had been previously convicted and sentenced for the crime of attempted rape in 1939 to the Vermont State Prison and sentenced to serve a term of not less than one year nor more than four years therein. The docket entries accompanying the writ of error show that the plaintiff in error was represented by counsel and, upon arraignment, pleaded guilty and was thereupon sentenced to twenty years at hard labor at the Maine State Prison which sentence he is now serving. The writ of error specifies the following errors:

> 1. That the record of the indictment shows that illegal evidence was presented to the Grand Jury by the State of Maine which was inflammatory and prejudicial to the Defendant and which might legally have affected the Grand Jury in finding its indictment and without which the Grand Jury might not have found said indictment. Wherefore said indictment was a nullity and void and any sentence imposed thereunder is illegal.

> 2. That the charge as set forth in the indictment is inflammatory and is prejudicial to the constitutional rights of the Defendant.

> 3. Said indictment as found does not make out or legally describe an offense against the peace of the State of Maine or contrary to any statute of the State of Maine, for which the Court could legally impose sentence.

> 4. Said sentence is illegal because it is not possible from the indictment to tell with what crime the defendant is charged and sentenced and for what crime he has been placed in jeopardy.

Our court in the case of *Nissenbaum* v. *State of Maine*, 135 Me. 393, 197 A. 915; and in *Jenness* v. *State of Maine*, 144 Me. 40, 64 A. (2nd) 184, 186, in speaking of writs of error, held that it is the record only that controls, that facts outside of the record are not to be considered and that the

writ of error can be brought only to obtain a correction of error on that record. The first error raises the question of prejudice and the plaintiff in error claims that the record of the indictment shows that illegal evidence was presented to the Grand Jury which was inflammatory and prejudicial to the plaintiff in error and that, therefore, the indictment became a nullity and void and that any sentence thereunder was illegal. Since this proceeding was instituted our court has had occasion to consider the matter of prejudice in the case of *State* v. *McClay*, 146 Me. 104, 78 A. (2nd) 347. In that case we held that such incidental prejudice as there may be by reason of the statement of prior conviction is outweighed by the security of fundamental constitutional safeguards in requiring both allegation and proof of a prior conviction. That case is decisive not only of the first error claimed by the plaintiff in error but also the second error wherein the plaintiff in error claimed that the charge as set forth in the indictment is inflammatory and prejudicial to the constitutional rights of the plaintiff in error. See also *Jenness* v. *State, supra.* The third error claimed by the plaintiff in error that the indictment found by the Grand Jury does not legally describe an offense against the peace of the State of Maine or contrary to any statute of the State of Maine is of no avail to the plaintiff in error for the reason that in our opinion the indictment describes not only the offense charged correctly but also alleges with all necessary certainty the prior conviction so that there would be no danger to the plaintiff in error from any hazard of double jeopardy. See *State* v. *Jalbert*, 139 Me. 333, 338, 30 A. (2nd) 799, and *State* v. *Dunning*, 83 Me. 178, 22 A. 109, wherein the court states in substance that it will consult sound sense to the disregard of captious objections in looking for the meaning of the allegations in the indictment. In regard to the fourth error that the sentence is illegal because it is not possible from the indictment to tell with what crime the plaintiff in error was charged and sentenced and

for what crime he has been placed in jeopardy, it would appear to this court after a careful examination of the record that the indictment strictly follows the statute and that the addition of the allegation of previous conviction was properly set out, in fact, the legislature has seen fit to require that it be fully set out and proved beyond a reasonable doubt and we held in *State* v. *Jenness, supra,* that it is not only constitutional but is indicative of the intention of the legislature and these facts, coupled by the plea of guilty of the plaintiff in error leave no alternative because by his plea of guilty he placed himself in such a position that he cannot now attack the judgment of the court.

**Further** comment is unnecessary for it is our opinion that no new questions are raised in the pending writ of error which have not heretofore been answered by our court in the following cases: *Jenness* v. *State, supra; State* v. *McClay, supra,* and cases cited therein.

The court below, in a carefully worded decision which considered the errors referred to herein correctly decided them when it dismissed the writ of error. That decision must stand. The mandate will be

*Exceptions overruled.*