**Paul S. STUBBS**

v.

**STATE of Maine et al.**

Supreme Judicial Court of Maine.

June 20, 1968.

Norman C. Bourget, Augusta, for appellant.

John W. Benoit, Asst. Atty. Gen., Augusta, for appellee.

Before WILLIAMSON, C. J., and WEBBER, TAPLEY and WEATHERBEE, JJ.

WEBBER, Justice.

The petitioner for the writ of habeas corpus was convicted in 1957 as an habitual criminal and sentenced to a term of not less than 15 nor more than 30 years. His appeal from dismissal of the petition presents as a primary issue whether or not his constitutional rights were violated in 1957 by reason of the fact that the indictment charged and the State proved both grand larceny and a previous conviction resulting in a sentence to the State Prison. Petitioner's contention is in effect that the jury's knowledge of a prior conviction derived both from the indictment and the proof in support thereof is so highly prejudicial as to offend the "fairness" doctrine and violate due process of law.

Our recidivist statute in effect in 1957 provided:

"When a person is convicted of a crime punishable by imprisonment in the state prison, and it is alleged in the indictment and proved or admitted on trial, that he had been before convicted and sentenced to * * * state prison by any court of this state, * * *, he may be punished by imprisonment in the state

prison for any term of years." R.S. 1954, Ch. 149, Sec. 3.

This statute was determined to be constitutional in Jenness v. State of Maine, (1949) 144 Me. 40, 64 A.2d 184, followed by Ingerson v. State of Maine, (1951) 146 Me. 412, 82 A.2d 407. The rationale of the Court was "that such incidental prejudice as there may be by reason of the statement of prior conviction is outweighed by the security of fundamental constitutional safeguards in requiring both allegation and proof of a prior conviction." The United States Supreme Court, deciding the precise issue, holds no different view. In Spencer v. State of Texas, (1967) 385 U.S. 554, 87 S.Ct. 648, 17 L.Ed.2d 606 the Court, although expressing candid disapproval of the practice of coupling allegation and proof of a prior conviction with allegation and proof of a criminal offense, nevertheless declined to declare the practice violative of constitutional principles of "fairness." Even more significantly, we think, two of the four dissenting Justices would not apply a contrary rule retrospectively. Our own practice was changed by statutory amendment in P.L.1961, Ch. 268 to require separate indictments, arraignment on the indictment charging a prior conviction and sentence to be deferred until after conviction "upon the current principal offense." 15 M.R.S.A. Sec. 1742. It by no means follows, however, that practice under the statute as it existed in 1957 impinged upon a respondent's constitutional rights.

Petitioner's second contention as stated in the Points of Appeal is that "the Court erred in its Decree in dismissing the Petition for Habeas Corpus on grounds that he was not made a subject of self-incrimination on the charge for which he was being tried." The precise nature of his complaint is not entirely clear. An examination of the transcript of proceedings at the original trial discloses that the State first offered convincing proof of grand larceny by evidence of the theft of approximately $105. Using the Clerk of Courts as a witness, the State then proved the record of a 1953 felony conviction and sentence to State Prison as charged in the indictment. The then respondent Stubbs, after conferring with his attorney, elected to take the witness stand and testify in his own behalf. He candidly admitted the theft but insisted that the amount stolen was approximately $93. In effect he was confessing to the jury the crime of petty but not of grand larceny. On cross-examination he was asked if he was the same Paul S. Stubbs who was convicted in 1948 on four separate indictments for breaking, entering and larceny. He refused to answer. His counsel then objected to the form of the question and it was excluded. Before any further question could be asked, the following colloquy occurred:

"The Witness: Your Honor, may I say something?

The Court: No.

The Witness: I wish to change my plea to guilty without the Jury leaving, because in their eyes I am just as guilty as sin just the minute you started to read that stuff off. Let me tell you something, this is not Communist China! This is America! Start remembering this! * * * The plea is guilty!"

Court was immediately recessed until the following morning. When Court reconvened the respondent resumed the stand and upon inquiry by the Court admitted a 1948 felony conviction. Upon further cross-examination by the State, he denied the existence of three other convictions in 1948 but admitted the 1953 conviction charged in the indictment. He was further afforded an opportunity to and did in fact explain that his plea of guilty offered in the course of the contemptuous outburst of the preceding day had been intended only as an admission that he had stolen $93 and no more.

 It seems to us clear that petitioner is confused and fails to comprehend what is and what is not protected by the fifth

amendment principle. His grievance, as nearly as can be ascertained, seems to be related to the State's use of the 1948 conviction to attack his credibility. The State's inquiry with respect to prior felony convictions was of course proper cross-examination of this witness as of any witness. The 1948 conviction was a closed case and in admitting the existence of such a final judgment, as he was compelled to do, the witness was not giving evidence which tended to incriminate him or which might lead to prosecution of any criminal charge against him. That prosecution had already taken place and been finally terminated. The applicable statute is 15 M.R.S.A. Sec. 1315 (formerly R.S.1954, Ch. 148, Sec. 22) which provides:

> "In all criminal trials, the accused shall, at his own request but not otherwise, be a competent witness. He shall not be compelled to testify on cross-examination to facts that *would convict, or furnish evidence to convict him of any other crime than that for which he is on trial.* The fact that he does not testify in his own behalf shall not be taken as evidence of his guilt. * * *." (Emphasis ours)

This statute must be read in connection with 16 M.R.S.A. Sec. 56 (formerly R.S.1954, Ch. 113, Sec. 127) which applied equally to the respondent once he voluntarily became a witness in his own behalf. This statute provides:

> "No person is incompetent to testify in any court or legal proceeding in consequence of having been convicted of an offense, but conviction of a felony, any larceny or any other crime involving moral turpitude may be shown *to affect his credibility.*" (Emphasis ours)

The theory of the defense was that less than $100 was stolen and that respondent was therefore guilty of no more than petty larceny which is not a felony. In an effort to convince the jury of this essential fact the respondent voluntarily embarked on a course of self-incrimination with respect to facts surrounding the larceny as he had a right to do. He offered no objection and claimed no rights in connection with his admission of the prior 1953 conviction. In any event that conviction had already been effectively proved by the records of the Superior Court, the accuracy of which was not disputed. His claim of privilege against self-incrimination was made exclusively with respect to the 1948 conviction, his admission of which entailed no element of self-incrimination whatever. His compelled disclosure of this felony conviction was in conformity with statutory requirements and in no way violated his constitutional rights.

■ The petitioner challenges the legality of the sentence. Since as we have noted R.S.1954, Ch. 149, Sec. 3 provided that one convicted of a felony and simultaneously shown to have been previously convicted and sentenced to a term in state prison could be sentenced "for any term of years," the sentence in this case to a term of not less than 15 years nor more than 30 years was legal and proper.

Other contentions made in the petition are without merit and have been abandoned on appeal.

Appeal denied.

MARDEN and DUFRESNE, JJ., did not sit.